Argued January 13, affirmed February 10, 1960

# SMITH *v.* PORTLAND TRACTION COMPANY
### 349 P. 2d 286

*Alan H. Johansen,* Portland, argued the cause for appellant. On the brief were Krause, Lindsay & Kennedy, Portland.

*Lamar Tooze, Jr.,* argued the cause for respondent. On the brief were Tooze, Kerr & Tooze and Edwin J. Peterson, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY and DUNCAN, Justices.

DUNCAN, J. (Pro Tempore)

Action by Daisy Smith, plaintiff, against Portland Traction Co., a corporation, defendant, for damages on account of personal injuries resulting to plaintiff when, as a passenger alighting from a bus operated in Portland by defendant, she fell on the street. The accident occurred November 20, 1953, about 6 p.m., darkness having fallen. The driver of the bus was not a party to the action. On April 25, 1957, the trial jury returned a verdict in favor of defendant, and on the next day a judgment was entered in favor of defendant against plaintiff. It does not appear that plaintiff moved for a new trial.

Plaintiff appealed, assigning four grounds of error. The second assignment of error was withdrawn at the time of argument in this court and is disregarded here. The other assignments will be discussed in order.

■ ASSIGNMENT I: That the court erred in permitting the following question to and answer by the driver of the bus, Masters, on direct examination by defendant:

"Q Now, during the time that you were on the Council Crest line, Mr. Masters, had any other

passengers fallen in alighting from the front door of your bus at that intersection?

"A No."

To that question, plaintiff objected as follows:

"Your Honor, I object to that on the ground we can't go into trying every one of the cases in which there may have been falls or examine into the conditions of all the other cases in which people have alighted from the bus, and whether he has had accidents or not wouldn't bear upon the issues in this case."

Such a question has been held proper if the witness is qualified and the proper foundation is laid. In *Robertson v. Coca Cola Bottling Co.*, 195 Or 668, 247 P2d 217, defendant was allowed to testify that it had never before heard of a bottle of the drink exploding. This was in refutation of plaintiff's allegation that defendant knew, or in the exercise of reasonable care should have known, of the danger of an explosion. In the present case a similar situation is presented by plaintiff's allegation that defendant Traction Co. was negligent in discharging plaintiff at a place which defendant knew, or in the exercise of reasonable caution should have known, was dangerous. No objection was made to the question on the ground that the witness had not been properly qualified nor that a foundation was not laid.

The first assignment is found free of error.

■ ASSIGNMENT III: That the court erred in withdrawing from the jury a charge of negligence numbered specification 4 of paragraph VII of the complaint, reading:

"In selecting and using said area on the north side of said Southwest Park Place as a bus stop when the same fails to provide a place of safety

for passengers, and particularly the plaintiff, in alighting from defendant's busses."

The court allowed a blanket exception to this withdrawal, but the specific ground supporting the exception does not appear.

The bus stop locations were selected by the defendant company in conjunction with the Portland City Engineer's office, but generally the actual selection was made by defendant. The latter placed the bus stop sign at the location involved herein.

Plaintiff contends in her brief that by withdrawing this specification of negligence she was deprived of her only specification of negligence against defendant itself, leaving only charges of negligence against the bus operator. In support of this contention she calls attention to an instruction to the jury that the defendant can be held liable "only if plaintiff establishes first that the bus driver was negligent in some respects submitted to you." Submitted to the jury by specification 3 of paragraph VII of the complaint was the charge that defendant was negligent in discharging plaintiff at a place that defendant knew, or in the exercise of reasonable caution should have known, was dangerous because the pavement sloped steeply, etc. Concededly said specification 4 did not charge the bus driver with negligence, but as suggested by the trial court this specification alone did not present a case of actionable negligence. Only the act of stopping and discharging the passenger could have brought about the injury.

In her brief plaintiff contends that the last above-quoted instruction prejudiced her because of the reluctance of juries to hold a corporate employee negligent. In the absence of the driver as a party defendant, this contention appears without weight. In any

event, that situation was unavoidable because under the facts of the case defendant was not liable in damages unless the driver was first found negligent.

No prejudice to plaintiff is found to have resulted from the withdrawal of that specification.

ASSIGNMENT IV: That the court erred in withdrawing from the jury specification of negligence 5 of paragraph VII of the complaint, reading:

"In failing to keep a proper or any lookout for the safety of its passengers, and particularly for this plaintiff, in alighting from said bus."

The rule of lookout requires that the driver of a motor vehicle must maintain such a lookout as a reasonably prudent person would maintain in the same or similar circumstances. *Phillips, Gdn. v. Creighton, Adm.,* 211 Or 645, 316 P2d 302. The alleged hazard at this bus stop was not such as had arisen immediately preceding the occasion of plaintiff's fall. Masters, the bus driver, had regularly since 1951 driven a bus over the route to the bus stop where plaintiff fell. During that period the grade and slope of the street at the stop location were substantially the same as at the time of the accident. This charge of negligence is not construed to mean that the driver should have physically aided plaintiff to alight from the bus. Lack of lookout is not deemed to have been an element in the case. No error is found in this assignment.

Judgment affirmed.