Argued October 28, 1970, affirmed February 10, 1971

# BERTRAND, *Respondent, v.* PALM SPRINGS AND EUROPEAN HEALTH SPA, INC., *Appellant.*

480 P2d 424

*George M. Joseph*, Portland, argued the cause for appellant. With him on the brief were Morrison & Bailey, Portland.

*John J. Haugh*, Portland, argued the cause for respondent. With him on the brief were Brian L. Welch and Pozzi, Wilson & Atchison, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, and HOWELL, Justices.

HOWELL, J.

Plaintiff suffered injuries when she slipped and fell in the locker room of defendant's health spa. A jury returned a verdict for plaintiff, and defendant appeals from the judgment entered on the verdict.

The defendant assigns as error the refusal of the trial court to grant a motion for a judgment of involuntary nonsuit and a motion for a directed verdict. We shall consider them together.

Prior to the accident in question, the plaintiff, a 42-year-old housewife, had received surgery for a slipped disc in her cervical spine. Following the surgery, a laminectomy, she was advised by her doctor

to join a health spa for swimming and other exercises. Plaintiff joined defendant spa and went there several times per week, using the swimming pool, the mineral pool, and the sauna bath.

On the day of the accident the plaintiff had gone swimming, taken a shower, and wrung out her swimsuit before dressing. She went to the locker room, secured her clothes, and dressed in the dressing room. She then returned to the locker room to get her shoes and purse. Plaintiff described the ensuing accident as follows:

"Well, I saw this water here and I tried to tiptoe between the largest one and the small one so that I would—you know, not step in it. But I evidently stepped in the small portion of it becuase [sic] it threw my feet completely out from under me, because I slipped right out on my tail bone."

The evidence disclosed that the locker room floor had a smooth tile surface which was given a skid-resistant wax treatment each week. The spa provided a wringer for drying swimsuits, and a sign prohibiting wet suits in the area had been posted. The spa manager testified that an attendant was assigned to mop up the locker room area every 15 minutes to one-half hour. However, the spa manager also testified that he expected to have water dripping in the dressing room and locker area; that the tile became messy and dangerous if there was water on the floor; that many people did not wring out their swimsuits; that the prohibition against wet suits in the area was violated regularly; that, while the floor in the locker area was not carpeted, carpet had been placed on the floor in the exercise room, and he was familiar with Ozite or indoor-outdoor carpeting.

The manager also testified that he knew that some of their customers joined the spa on the advice of their physicians, that some had physical infirmities making it difficult for them to get around, and that the age of the customers averaged between 37 and 40.

The plaintiff alleged in her complaint that the defendant was negligent in failing to keep the floor dry and in failing to have a non-skid surface or carpeting on this floor.

■ The plaintiff was a business invitee, and the defendant owed plaintiff the duty to keep the premises in a reasonably safe condition for her protection. *Pribble v. Safeway Stores*, 249 Or 184, 437 P2d 745 (1968); *Klein v. Montgomery Ward & Co.*, 235 Or 315, 384 P2d 978 (1963).

The duties of store owners to their customers in slip and fall cases and the various decisions of this court were discussed in *Pribble v. Safeway Stores, supra.* See also *Pavlik v. Albertson's Inc.*, 253 Or 370, 454 P2d 852 (1969); *Collins v. Kienow's Food Stores*, 251 Or 16, 444 P2d 546 (1968). In *Pribble* and *Collins*, as distinguished from the present case, the injured plaintiffs were not aware of the wet condition of the floor. In the instant case the plaintiff noticed the puddles of water on the tile floor and attempted to "tiptoe" between them.

In *Dawson v. Payless for Drugs*, 248 Or 334, 433 P2d 1019 (1967), the plaintiff customer knew of the icy condition of the defendant's parking lot. We held that such knowledge would not insulate the defendant from liability if the possessor, in the words of 2 Restatement (Second), Torts 218, § 343A(1), "should anticipate the harm despite such knowledge or ob-

viousness." 248 Or at 338.[①] The rule of *Dawson* was applied in *Pribble,* which involved a slippery entrance way in a supermarket.

Negligence is conduct involving an unreasonable risk of harm, and among the factors to be considered are the likelihood that the actor's conduct will injure others, and the seriousness of the injury if it happens. Consideration under the proper circumstances must also be given to the type of people that might be affected by the actor's conduct—children, the aged, or the infirm. 2 Harper & James, *The Law of Torts* 929, § 16.9; 941, § 16.12 (1956). *See also Kroft v. Grimm,* 225 Or 247, 357 P2d 499 (1960). Here, the defendant knew that many of the customers were there for treatment and suffered from some physical infirmity. It was for the jury to decide if the defendant failed to keep the premises in a reasonably safe condition.

The evidence was also sufficient to satisfy the requirement enunciated in *Cowden v. Earley,* 214 Or 384, 327 P2d 1109 (1958), that the plaintiff must establish that the defendant knew the wet spot was there and failed to use reasonable diligence to remove it. The defendant may not have known of the particular puddle in the locker room, but did know that water was not uncommon in this area and that the tile was hazardous when it had water on it.

---

[①] Prosser describes this type of case as follows:

"* * * where the condition is one such as icy steps, which cannot be negotiated with reasonable safety even though the invitee is fully aware of it, and, because the premises are held open to him for his use, it is to be expected that he will nevertheless proceed to encounter it." Prosser, Law of Torts (3d ed 1964) 404.

See also the discussion in 2 Harper & James, The Law of Torts, 1490-1493 § 27.13, cited in *Dawson.*

The evidence was sufficient to submit the cause to the jury, and the trial court correctly overruled defendant's motion for a nonsuit and a directed verdict.

The defendant also assigns as error the refusal of the court to strike the plaintiff's allegations that the defendant failed to keep the floor dry and failed to have a non-skid surface or carpeting in the area. These assignments are without merit for the same reasons set forth in the decision on the motion for a nonsuit and directed verdict.

Affirmed.