Argued March 1, affirmed October 19, 1972

ASKEW, *Appellant, v.* HOWARD-COOPER
CORPORATION ET AL, *Respondents.*

502 P2d 210

*Wendell E. Gronso,* Burns, argued the cause for appellant.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondents.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

HOLMAN, J.

Plaintiff was injured while greasing a log lifting and handling machine manufactured by the defendant F. W. D. Wagner, Inc., and sold by the defendant Howard-Cooper Corporation. The complaint alleged both strict liability and negligent design in separate counts. The trial court granted a nonsuit and plaintiff appeals. The issue is whether there was sufficient evidence to take the case to the jury on either count.

The machine, called a lumberjack, was owned by the Edward Hines Lumber Co., and plaintiff had been employed about four months prior to his injury to operate the machine on the swing shift. Zerk fittings were located all over the machine, which plaintiff was

required to lubricate daily by injecting grease into the fittings with a grease gun furnished by the employer.

The machine was on wheels and was mobile. It had two large claws upon a boom which would roll logs onto two blades that protruded from the bottom of the machine. The claws would clasp several logs against the blades and the machine would then move them to where they were required. Plaintiff was instructed by his employer to set the boom in a certain position and then to climb up onto its top for the purpose of greasing the fittings there. With the boom in that position, the fittings were approximately ten feet off the ground.

Plaintiff was injured while descending the boom after he completed greasing the fittings. His foot slipped on a hose coupling and he fell to the ground. Grease and oil tended to accumulate and to make slippery the areas he had to climb and descend in the course of greasing the fittings.

The lumberjack was not equipped with ladders, steps, rails, or other means to climb to the top of the boom. Plaintiff contends that the failure to make the fittings accessible from the ground or to provide some safe means of access to the boom rendered the machine unreasonably dangerous.

■ The manufacturer of a chattel may be liable in negligence for its faulty design. The Restatement (Second) of Torts § 398 provides:

> "A manufacturer of a chattel made under a plan or design which makes it dangerous for the uses for which it is manufactured is subject to liability to others whom he should expect to use the chattel or to be endangered by its probable use for physical harm caused by his failure to exercise reasonable care in the adoption of a safe plan or design."

Routine servicing is unquestionably within the scope of the uses for which a product is manufactured as those words are employed in this section. The "intended use" limitation has been held to be merely an adaptation of the test of foreseeability of the risk. *See Otis Elevator Company v. Wood,* 436 SW2d 324, 327-28 (Tex. 1968), and cases cited therein.

We conclude that the evidence does not make a case of negligence against the manufacturer sufficient to submit to the jury. By the admission of plaintiff's own witnesses, the boom could be lowered to a position whereby all but two grease fittings could easily be serviced from the ground. With the boom in its lowest position, the two fittings which plaintiff claims were not accessible were 7 feet 8 inches above the ground. The record contains a picture of plaintiff standing flat-footed with his hand upon one of these two fittings which were at identical heights. However, the two fittings protruded at an upward angle, and, therefore, the grease gun, with the kind of nozzle furnished by plaintiff's employer for the job, had to be placed on the fittings while it was held above them. A solid place to stand, three feet high, like a log, platform, or short ladder, would have solved the problem.

It is our opinion that the manufacture of equipment with grease fittings which are thus safely and easily accessible does not constitute negligence. The manufacturer should not be required to anticipate that the purchaser will direct his employes to follow an obviously dangerous method of servicing equipment (as the purchaser did in the present case) when safe methods are readily apparent and available. If the manufacturer was not negligent in making the machine, the immediate seller was not negligent in selling it.

■ In order to be unreasonably dangerous so as to substantiate strict liability on the part of the seller, it must be shown that "[t]he article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." Restatement (Second) of Torts § 402A, Comment *i.* (1965).

It is our belief that, as a matter of law, we can say that the community would not condemn a machine as unreasonably dangerous which could be serviced in the manner described and without the necessity of climbing ten feet off the ground.

The judgment of the trial court is affirmed.

McALLISTER, J., dissenting.

The majority holds that, as a matter of law, the log handling machine was not negligently designed. In my opinion the evidence made a jury question on that issue.

The evidence describing the machine, including its tendency to allow grease and oil to accumulate in certain areas, would have permitted the jury to find that it was dangerous to climb on the machine to grease the inaccessible fittings. The majority opinion recognizes that greasing the machine in this manner was dangerous and the defendant tacitly, if not expressly, admitted as much. The real issue is whether the manufacturer ought to have foreseen this danger. Two safety engineers testified that, based on their experience, employes could be expected to climb on machinery in order to lubricate it. The evidence also showed that the machine had to be greased daily and that most of the grease fittings could be reached from the ground. The

jury could have found these facts significant in determining whether the manufacturer should have anticipated that some users would climb on the machine to grease the few inaccessible fittings, rather than providing themselves with ladders or platforms for this purpose.

I agree that the danger of climbing on the lumberjack was obvious, but I do not believe this relieves the manufacturer of liability as a matter of law. Some courts have held that the manufacturer has no duty to make his product free from open and obvious danger. Under this doctrine the manufacturer can make the machine as dangerous as he pleases so long as the danger or peril can be observed by the user. A leading authority for this rule is *Campo v. Scofield,* 301 NY 468, 95 NE2d 802 (1950), and other cases are cited in the margin.[1] I believe that if applied literally the latent defect rule is a completely unsound approach to design defect problems. It tends to encourage dangerous design and permits the manufacturer wide latitude in incorporating in his product dangerous defects so long as they are not latent. It makes no distinction between open and obvious dangers which the user may readily avoid and those to which he is likely to expose himself in the proper use of the product. A number of courts and writers have rejected the *Campo* rule and this court should reject it. The real question is whether a reasonable and prudent manufacturer should have foreseen that his design would create unreasonable dangers in the use of the machine and would have taken steps to

---

[1] Ward v. Hobart Manufacturing Company, 450 F2d 1176 (5th Cir 1971); Downey v. Moore's Time-Saving Equipment, Inc., 432 F2d 1088 (7th Cir 1970); Tomicich v. Western-Knapp Engineering Co., 423 F2d 410 (9th Cir 1970); Morrow v. Trailmobile, Inc., 12 Ariz App 578, 473 P2d 780 (1970); Fisher v. Johnson Milk Co., 383 Mich 158, 174 NW2d 752 (1970).

eliminate those dangers. This question is not answered simply by observing that the danger is obvious; that fact is simply one element in the negligence equation.

In another context this court has said that an open and obvious hazard may be unreasonable if the party responsible can and should anticipate that it will nevertheless cause injury. *Dawson v. Payless for Drugs,* 248 Or 334, 433 P2d 1019, 35 ALR3d 222 (1967) involved the liability of an occupier of land to a licensee for injury suffered as a result of an open and obvious condition. We held that even though the hazard was obvious and known to the invitee the occupier would be liable if he "should anticipate the harm despite such knowledge or obviousness."[⑨] Similarly, in *Bertrand v. Palm Springs,* 257 Or 532, 480 P2d 424 (1971) we held that the occupier would be liable for injury resulting from a hazard which could not be encountered with reasonable safety even by one fully aware of it and which, because of the surrounding circumstances, the plaintiff could be expected to encounter.

I believe the same principles should apply in the case of an unsafely designed product. The question is whether the manufacturer should have foreseen that users would proceed to encounter the hazard in the use of the product. As I have pointed out, I believe there was sufficient evidence to make a jury question in this case. The availability of alternative safer methods of reaching the zerk fittings should not be conclusive, but merely one factor for the jury to consider on the question of foreseeability.

As I would hold that the question of the manufacturer's liability was for the jury, the next question

[⑨] Restatement of Torts 2d, § 343 A.

is whether the trial court properly held that plaintiff could not recover because as a matter of law he was contributorily negligent in voluntarily and unreasonably encountering a known danger. Again, I believe the evidence presented a jury question.

First, as we noted in *Ritter v. Beals,* 225 Or 504, 511-512, 358 P2d 1080 (1961), the plaintiff is not barred by his decision to encounter the hazard unless the danger was both known and appreciated. In that case the plaintiff was aware of the physical conditions which were responsible for her injury and proceeded to expose herself to the danger after expressing some doubt that the condition was safe. We held that it was for the jury, not the court, to determine whether the plaintiff appreciated or should have appreciated any danger to herself. Regarding the requirement that the danger be appreciated as well as known, see, also, *Cox v. Al Peirce Lumber Co.,* 239 Or 546, 548-549, 398 P2d 746 (1965), *Bockman v. Mitchell Bros. Truck Lines,* 213 Or 88, 96, 320 P2d 266, 69 ALR2d 152 (1958); Restatement of Torts 2d, § 496 D.

In this case it is undisputed that plaintiff knew of the physical condition of the machine, including the lack of suitable provision for access to some of the grease fittings on the boom. I would not, however, hold as a matter of law that plaintiff appreciated the degree of the risk involved in climbing on a machine in that condition. Some hazards are so obvious and the risk of harm so great that the plaintiff cannot fail to appreciate the danger.[9] In this case, however, plaintiff

---

[9] See, e.g., Tomicich v. Western-Knapp Engineering Co. (supra, note 1) (cleaning machine while running); Kerber v. American Machinery & Foundry Company, 411 F2d 419 (8th Cir 1969) (putting hand into machinery while in operation); Bartkewich v. Billinger, 432 Pa 351, 247 A2d 603 (1968) (same).

may well have believed that climbing on the machine itself could be done with reasonable safety. At the time of the accident he was 34 years old, was in good health, and had led an active life. Whether he appreciated the existence of an unreasonable risk of falling was for the jury.

Moreover, even if plaintiff appreciated the risk, he is barred from recovery only if he acted unreasonably in encountering it. Again, I believe the principles expressed in *Dawson v. Payless for Drugs,* supra, are applicable. We held there that the licensee is not contributorily negligent as a matter of law simply because he voluntarily encounters the known danger. He is barred from recovery only if he acts unreasonably in encountering the danger or, having reasonably encountered the danger, he thereafter fails to exercise due care for his own safety. There is no evidence in this case that plaintiff was not climbing carefully. The question is whether he acted reasonably in the first place in encountering the danger. In *Dawson* we said the reasonableness of the plaintiff's behavior depends on the balance between the probability of harm and the compulsion, need, or justification for encountering the danger. 248 Or at 341. It was for the jury to decide in this case whether the danger was so great that it was unreasonable for plaintiff to encounter it when he had been directed to do so by his employer.

As the evidence presented jury questions on the issues of negligence and contributory negligence, it was error to grant defendants' motion for nonsuit. The case should be reversed and remanded for a new trial.