Argued April 3, reversed and remanded October 4, petition for
rehearing denied October 23, 1973

WILK, *Appellant, v.* GEORGES, *Respondent.*

514 P2d 877

*James B. Griswold,* Portland, argued the cause for appellant. With him on the briefs were Green, Richardson, Griswold & Murphy, Portland.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were James B. O'Hanlon, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN,* HOWELL and BRYSON, Justices.

HOWELL, J.

Plaintiff filed this action for damages for injuries sustained when she slipped and fell on defendant's premises. A jury returned a verdict for the defendant, and plaintiff appeals.

The defendant operates a garden supply and nursery business in southeast Portland. On December 13, 1969, plaintiff and her husband went to defendant's nursery to purchase a live Christmas tree. Not being satisfied with the trees in front of the building, they

---

* Holman, J., did not participate in this decision.

were directed to an area in the rear where other trees were located either in the ground or in pots. That area was covered with a slatted roof. Crisscross walkways made of 2x12 planks had been laid on the ground. Most of the planks had been covered by asphalt roofing material to prevent the boards from becoming slippery, but in some places the planks were bare where the roofing had been worn away, and in other places the asphalt had been missing since the previous summer. The boards and the roofing were both green in color.

While in the rear section plaintiff traversed a portion of the walkway that was covered with the roofing material. As she approached the tree area she was "looking and glancing" at the trees when she slipped and fell on a bare plank. On the day of plaintiff's accident it had been raining.

Defendant testified that he knew the bare planks were "slippery and dangerous" when wet, and for that reason he placed the asphalt material on them. Defendant also testified that he had placed a warning sign by the gate and one on each side of the building. The signs stated (verbatim):

"Please watch where you are going. This is a nursery where plants grow. There is four seasons: summer and winter, cold and hot, rain, icey spots. Flower petals always falling on the floor, leaves always on the floor.

"We are dealing with nature and we are hoping for the best. We are not responsible for anyone get hurt on the premises.

"Thank you."

The plaintiff and her husband testified that they did not see the signs.

The plaintiff alleged that the defendant was neg-

ligent in failing to cover the walkway with a nonskid surface, in failing to keep water and mud from collecting on the walkway, and in directing plaintiff to use the walkway "without first warning her that its surface was not treated or covered with non-skid materials."

Plaintiff's primary assignment of error on this appeal is that the court erred in giving the following instruction:

"If a customer coming on the premises knows of a dangerous condition or if this condition is obvious, there is no duty on the part of the owner to correct or warn of the condition unless, despite the fact that the danger is known or obvious, the owner should anticipate that the dangerous condition will cause physical harm to the customer."[1]

The plaintiff contends that the instruction was erroneous because it stated that a mere warning of a dangerous condition would satisfy the defendant's legal obligation to plaintiff. However, the defendant contends that the instruction is correct because if a prudent landowner should anticipate that an unreasonably dangerous condition will cause harm to a customer even though the danger is known or obvious, he may either (1) correct the condition, or (2) warn the customer and satisfy his duty.

---

[1] The court refused to give the following instruction requested by plaintiff:

"If a person coming on to the premises knows or should have known of a dangerous condition, this, by itself, would not relieve the landowner from taking whatever precautions are reasonably necessary for the safety of such person. If the landowner could reasonably expect that the dangerous condition could cause one coming on the land to suffer harm, even if such person knows or should know of the dangerous condition, the landowner then has the duty to remove or ameliorate the dangerous condition."

Both parties 'cite three previous decisions of this court: *Dawson v. Payless for Drugs,* 248 Or 334, 433 P2d 1019 (1967); *Pribble v. Safeway Stores,* 249 Or 184, 437 P2d 745 (1968); and *Bertrand v. Palm Springs,* 257 Or 532, 480 P2d 424 (1971).

In *Dawson* the plaintiff fell 'on ice after leaving defendant's store on her way back to her car in the parking lot. Plaintiff knew that the ice was slippery. This court, relying upon Section 343A of the Second Restatement of the Law of Torts and comment *f* of that section,[2] reversed a judgment of involuntary nonsuit entered by the trial court.

The decision stated that in the ordinary case an invitee cannot recover if he has knowledge of the dangerous condition of the premises. However, if the possessor should anticipate that the dangerous condition will cause harm to the invitee notwithstanding his knowledge, the owner may be liable. The test is whether the condition is unreasonably dangerous—whether the condition is such that it cannot be encountered with

---

[2] 2 Restatement (Second) 218, Torts § 343A, states:

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

"* * * * *"

Comment *f* of § 343A states, at p. 220:

"There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. *This duty may require him to warn the invitee, or to take other reasonable steps to protect him,* against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm." (Emphasis supplied.)

reasonable safety despite the invitee's knowledge. We held that the ice on the parking lot could fall in this category and that a jury could find the defendant negligent for failing to eliminate the ice from the parking lot. "The possessor's duty is predicated upon the assumption that it is feasible for him to remove or ameliorate the unreasonable danger." 248 Or at 341.

In *Pribble* plaintiff slipped and fell in a wet area caused from rain in the entrance to defendant's store. The plaintiff had no knowledge of the water on the floor and no warning was given. We stated:

> "The danger in the present case,—moisture on a portion of an asphalt tile floor,—is probably not as high on the hazard scale as the danger in *Dawson v. Payless for Drugs,* supra,—ice on the entire parking lot. Nevertheless, a slippery entrance way can fall into the unreasonably dangerous class. * * *" 249 Or at 191.

In the *Bertrand* case the plaintiff slipped and fell in water in the locker room of the defendant's health spa. Plaintiff knew that the floor had water on it and attempted to walk between the puddles. We held that knowledge by plaintiff of the condition and danger would not insulate the defendant if the defendant should anticipate the harm notwithstanding its known or obvious danger.

Under the 2 Restatement (Second) of Torts, § 343A, comment *f,* if the possessor should anticipate that the dangerous condition will cause harm to the invitee despite the latter's knowledge, the possessor's duty of reasonable care *may* require him "to warn the invitee, *or* to take other reasonable steps to protect him * * *." (Emphasis ours.)

Dean Prosser, in the Law of Torts, discusses

situations when a warning may or may not be sufficient. He points out that in the usual case there is no obligation to protect the invitee from dangers known to the invitee because it is expected that the visitor will protect himself. Under these circumstances reasonable care will require nothing more than a warning of the danger. However, where the possessor should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge or a warning, "something more in the way of precaution may be required." Examples are situations where the invitee's attention may be distracted or conditions such as icy steps which cannot be negotiated with reasonable safety. "In all such cases the jury may find that obviousness, warning or even knowledge is not enough." Prosser, Torts (4th ed) 394, 395, § 61.

Harper and James also discuss the subject. They state that if people encounter a condition where they would be expected to take care of themselves without further precautions by the owner, such as an ordinary flight of stairs in daylight, the condition is not unreasonably dangerous because the likelihood of harm is slight. In that situation an injured invitee is barred from recovery by lack of defendant's negligence. In other situations the fact that the condition is obvious may still render the defendant liable where knowledge does not remove the danger. It may be negligence to have an obstruction in the sidewalk or an unexpected step in a store aisle. Under these circumstances a warning may be sufficient to satisfy defendant's duty to use due care. In still other situations, the "duty of reasonable care to make conditions reasonably safe is not satisfied by a simple warning; the probability of harm in spite of such a precaution is still unreason-

ably great." Examples are an icy flight of stairs, a slippery floor, or a defective crosswalk. 2 Harper & James, The Law of Torts 1489-1495, § 27.13.

■ In the instant case the trial court in effect instructed the jury that if the owner should anticipate that a dangerous condition will cause harm to the customer, the owner has a duty to correct *or* warn of the condition despite the fact that the condition is known or obvious. The instruction substantially followed comment *f* of § 343A of 2 Restatement (Second) of Torts.

The jury should have been instructed that if they found that the condition that existed was unreasonably dangerous—a condition which cannot be encountered with reasonable safety even if the danger is known and appreciated[9]—the owner of the premises is obligated to do more than post warning signs; he must take reasonable and feasible steps to obviate the danger. 2 Harper & James, supra at 1495.

In *Dawson v. Payless for Drugs,* supra, and *Bertrand v. Palm Springs,* supra, we held that knowledge by the invitee of the ice on the parking lot or the puddles of water on the floor would not insulate the defendant from liability. The situation was one which could not have been encountered with reasonable safety despite the invitee's knowledge. A posted sign warning of the ice or the puddles of water would have accomplished nothing because the condition was plainly visible. In fact, in *Dawson* we expressly noted that

---

[9] This definition is taken from 2 Harper & James, The Law of Torts 1493, § 27.13, and Dawson v. Payless for Drugs, 248 Or 334, 433 P2d 1019 (1967). Unreasonably dangerous is also defined as a condition where the occupier as a reasonable man should anticipate an unreasonable risk or harm to the invitee despite the latter's knowledge of the condition. Prosser, Torts (4th ed) 394, § 61.

the owner's duty is predicated upon the assumption that it was feasible for him to remove or ameliorate the unreasonable danger.

There was evidence in the instant case from which the jury could have found that the defendant as a reasonable man should have anticipated an unreasonable risk or harm to plaintiff notwithstanding the posted signs. He placed the asphalt material on most of the walkways because, as he testified, he knew that the planks were slippery and dangerous when wet. Both the bare planks and the asphalt cover were green in color, which could be misleading to one traversing a walkway looking around for a particular tree or shrub. Under these circumstances slipping and falling by a customer was easily foreseeable.

■ The defendant also argues that plaintiff's exception to the instruction was inadequate. The exception clearly pointed out to the court that plaintiff was contending that a warning could be insufficient under the circumstances.

■ As the case must be remanded for a new trial, we take note of the plaintiff's second assignment of error. The plaintiff contends the court erred in allowing defendant to testify that no one had slipped and fallen previously on his premises. The evidence was admissible on the question of whether the defendant knew or should have known that the condition was one that could not be encountered with reasonable safety. *Smith v. Portland Traction Co.*, 220 Or 215, 349 P2d 286 (1960) ; *Robertson v. Coca Cola Bottling Co.*, 195 Or 668, 247 P2d 217 (1952).

Reversed and remanded.

DENECKE, J., dissenting.

The distinctions in this area of the law are hazy;

however, I am of the opinion that they are sufficiently discernible in this case to require me to dissent.

We are dealing with cases in which the common factor is a dangerous condition on defendant's premises which is obvious to an invitee who is looking. These cases, however, must be divided into two subcategories. The 2 Restatement (Second), Torts, 218, § 343 A, and 2 Harper and James, The Law of Torts, 1489, § 27.13 (1956), clearly make such a division.

Harper and James wrote:

"On the other hand, the fact that a condition is obvious—i.e., it would be clearly visible to one whose attention was directed to it—does not always remove all unreasonable danger. It may fail to do so in two lines of cases. In one line of cases, people would not in fact expect to find the condition where it is, or they are likely to have their attention distracted as they approach it, or, for some other reason, they are in fact not likely to see it, though it could be readily and safely avoided if they did. There may be negligence in creating or maintaining such a condition even though it is physically obvious; slight obstructions to travel on a sidewalk, an unexpected step in a store aisle or between a passenger elevator and the landing furnish examples. Under the circumstances of any particular case, an additional warning may, as a matter of fact, suffice to remove the danger, as where a customer, not hurried by crowds or some emergency, and in possession of his faculties, is told to 'watch his step' or 'step up' at the appropriate time. When this is the case, the warning satisfies the requirement of due care and is incompatible with defendant's negligence. Here again, plaintiff's recovery would be prevented by that fact no matter how careful he was. But under ordinary negligence principles the question is properly one of fact for the jury except in the clearest situations." 2 Harper and James, The Law of Torts, supra, at 1491-1493.

Comment *f.* of the 2 Restatement (Second), 220, § 343 A, describes this subcategory:

"There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

"Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. * * *."

In this category of cases an adequate warning satisfies the occupier's duty of due care because the defendant cannot reasonably anticipate that with an adequate warning the plaintiff will, nevertheless, suffer harm.

Harper and James described the other category of cases as follows:

"In the second line of cases the condition of danger is such that it cannot be encountered with reasonable safety even if the danger is known and appreciated. An icy flight of stairs or sidewalk, a slippery floor, a defective crosswalk, or a walkway near an exposed high tension wire may furnish examples. So may the less dangerous kind of condition if surrounding circumstances are likely to force plaintiff upon it, or if, for any other reason, his knowledge is not likely to be a protection against

danger. It is in these situations that the bite of the Restatement's 'adequate warning' rule is felt. [Changed in Restatement (Second)]. Here, if people are in fact likely to encounter the danger, the duty of reasonable care to make conditions reasonably safe is not satisfied by a simple warning; the probability of harm in spite of such a precaution is still unreasonably great. * * *." 2 Harper and James, supra, at 1493.

The Restatement describes these cases:

"* * * Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. * * *." 2 Restatement (Second) Torts, supra, at 220.

*Dawson v. Payless for Drugs,* 248 Or 334, 433 P2d 1019 (1967), and *Bertrand v. Palm Springs,* 257 Or 532, 480 P2d 424 (1971), are in this second category. The plaintiffs in both cases knew of the danger; therefore, a warning would have been superfluous. A jury could find the defendant liable because it should have anticipated that despite knowledge of the danger the plaintiff, nevertheless, would encounter the danger.

*Pribble v. Safeway Stores,* 249 Or 184, 190-192, 437 P2d 745 (1968), could fall in either of the categories, depending upon what facts the jury found. Plaintiff did not observe the condition although it may have been obvious. The jury could have found that a warning may have sufficed or it could have found the danger could not "be encountered with reasonable safety even if the danger is known and appreciated." Harper and James, supra, at 1493. If it found the latter, then a warning would not suffice. In *Pribble* we reversed because the jury was not permitted to pass

upon these questions as the trial court granted a nonsuit.

I consider the present case to be in the same class as *Pribble*. The plaintiff testified she did not see the dangerous condition. The jury could have found that if the dangerous condition had been brought to plaintiff's attention that would have sufficed to fulfill the defendant's duty. The jury could have found the danger was such it could not be encountered with safety despite the danger being actually brought to the attention of plaintiff, in which case a warning would not have been sufficient. The jury usually determines whether it is in one class or the other. In *Dawson, Bertrand* and *Pribble* we held, in effect, that these were questions for the jury.

Following this reasoning the trial court was correct in instructing that if the owner should anticipate that the dangerous condition would cause harm, the owner had a duty to "correct or warn." To instruct that the owner could fulfill its duty only by correcting the defect would amount to holding as a matter of law that bringing the dangerous condition to plaintiff's attention was not sufficient. In my opinion, on this basis of the evidence in this case, this should not be decided as a matter of law.

The instruction given did not sufficiently elaborate upon when the defendant could fulfill his duty by an adequate warning and when he only could fulfill his duty by correcting the defect; however, the only exception taken was that the instruction was incorrect because it instructed that the defendant possibly could fulfill his duty by warning plaintiff of the danger. The plaintiff excepted:

"I would also take exception to the court failing

to give plaintiff's requested instruction No. 11 in the form requested. You did give that in a modified form, and in that instruction you included a requirement which in effect would leave the defendant off the hook if they warned the customers of the dangerous condition; either they correct or warn.

"It is my interpretation of the Dawson and Bertrand cases that they—if the land owners can reasonably anticipate that the dangerous condition will cause harm to somebody coming on the land, then the land owner has a duty to either remove or alleviate the dangerous condition. This being the situation even if the plaintiff knew, or the customer knew of the dangerous condition.

"* * * * *

"Under certain circumstances I do feel that a warning by the defendant would accomplish nothing and wouldn't satisfy his legal duties under those cases, so I except to that instruction."

Plaintiff's requested instruction, number 11, referred to in plaintiff's exception, similarly explains that the plaintiff's position is that a warning cannot, under any of the evidence in this case, be adequate to fulfill defendant's duty. The requested instruction was:

"If a person coming on to the premises knows or should have known of a dangerous condition, this, by itself, would not relieve the landowner from taking whatever precautions are reasonably necessary for the safety of such person. If the landowner could reasonably expect that the dangerous condition could cause one coming on the land to suffer harm, even if such person knows or should know of the dangerous condition, the landowner then has the duty to remove or ameliorate the dangerous condition."

I would affirm.

BRYSON, J., joins in this dissent.