Argued and submitted July 18, reversed
and remanded November 26, 1979

# TOW,
### *Appellant,*
#### *v.*
# K-MART CORPORATION,
### *Respondent.*

(No. 51753, CA 12937)

602 P2d 1111

James W. Walton, Corvallis, argued the cause for appellant. On the briefs were Robert G. Ringo and Ringo, Walton, Eves & Gardner, P. C., Corvallis.

Michael A. Lehner, Portland, argued the cause for respondent. With him on the brief were Chris P. Davis and Hershiser, Mitchell, Mowery & Davis, Portland.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph,* Judges.

[341]

**BUTTLER, J.**

Schwab, C. J., dissenting opinion.

---

*Joseph, J., did not participate.

## BUTTLER, J.

In this personal injury action, plaintiff appeals from a judgment entered on a jury verdict which found each party negligent to the extent of 50%. Three assignments of error are presented, only two of which we will consider.

Plaintiff, while shopping with her mother in defendant's Albany K-Mart store, slipped on a puddle of clear fingernail polish remover causing her to fall and break her right leg. There is evidence that approximately four or five minutes prior to the accident both plaintiff and her mother heard what sounded like a bottle breaking in an aisle other than the one they were in, from which the jury could have inferred that plaintiff was or should have been alerted to a dangerous condition.

Plaintiff assigns error to the court's instructing the jury: "In this case you are instructed that the defendant had no duty to warn of those conditions which are open and obvious to the plaintiff." While the law on this subject is hazy, the instruction greatly oversimplifies it and is incomplete. The instruction should have gone on to say that if the condition was unreasonably dangerous, defendant did have a duty to warn of the danger until it was removed or ameliorated. *Dawson v. Payless for Drugs,* 248 Or 334, 433 P2d 1019, 35 ALR3d 222 (1967). A slippery entrance way "can fall into the unreasonably dangerous class," *Pribble v. Safeway Stores,* 249 Or 184, 191, 437 P2d 745 (1968), and so may a wet floor. *Bertrand v. Palm Springs Spa* 257 Or 532, 480 P2d 424 (1971). The duty to warn is not necessarily extinguished if the plaintiff knows of the danger, *Dawson, supra,* and *Bertrand, supra,* but the extent of the duty may vary with the degree of danger which may be reasonably anticipated. A warning may not be sufficient where, for example, the invitee's attention may be distracted, *Wilk v. Georges,* 267 Or 19, 25, 514 P2d 877 (1973), which might well be the case where a customer may be expected to be

[343]

looking at the shelves for an item while walking down a store aisle.

It is apparent, however, that the jury found that the defendant was negligent and that its negligence contributed 50% to the plaintiff's injury. Acordingly, it cannot be said that the failure to give a more accurate instruction with respect to the defendant's duty to plaintiff caused the jury to conclude that defendant had no duty to plaintiff. Nevertheless, the instruction as given suggests that the danger was open and obvious, and without further instruction as to the defendant's duty if the jury should find the condition unreasonably dangerous, the instruction might well have affected the jury's determination that plaintiff was contributorily negligent, or at least the extent to which her negligence contributed to her injury.

Plaintiff also assigns error to the court's denying her motion to withdraw from the jury defendant's allegation that plaintiff was contributorily negligent "in failing to maintain control over her bodily movements." If there were evidence that plaintiff was skipping down the aisle, or doing a Highland fling, the submission of that specification of contributory negligence would have some merit. In this case, however, the only evidence is that the plaintiff was walking in a normal manner at the time she slipped and fell. There is, therefore, no evidence to support the allegation, unless the plaintiff had a duty to the negligent defendant to be adept at slipping without falling, or falling without hurting herself. We know of no such duty.

Accordingly, the specification of contributory negligence should not have been submitted to the jury.

It may well be that neither of the errors by itself constituted reversible error, but we cannot say that taking the two errors together did not affect the jury's determination that plaintiff was negligent or in comparing the negligence of plaintiff and defendant. We

[344]

conclude that the combined errors were prejudicial, and therefore reverse and remand for a new trial.

Reversed and remanded.

**SCHWAB, C. J.,** dissenting.

I believe that the instruction given by the court concerning duty to warn was a correct statement of applicable law in view of the positions taken by both parties at trial.

As for the allegation that the plaintiff was negligent with regard to her bodily movements, at best it can be described as redundant, but I fail to see how we can conclude that failing to strike it was prejudicial. Not every error, no matter how insignificant, justifies setting aside a jury verdict, be it for plaintiff or defendant. Or Const, Amend Art VII, § 3; ORS 9.125(2).

For the foregoing reasons I respectfully dissent.