RIGSBY,
*Appellant,*
*v.*
BURLINGTON NORTHERN INC.,
*Respondent.*

(No. A7711-15917, CA 14412)

611 P2d 1193

William B. Aitchison, Portland, argued the cause for appellant. With him on the briefs was Jolles, Sokol & Bernstein, P.C., Portland.

Roger Hennagin, Portland, argued the cause for respondent. With him on the brief was Delbert W. Johnson, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Appealing from a judgment rendered for defendant railroad company in a personal injury action, plaintiff assigns as error the court's giving the following instruction to the jury:

"It follows, therefore, that there is a duty to make reasonable inspections of the cars to the end that defects therein may be ascertained and to warn or to repair the defect thus found. There is no duty, however, on the part of the railroad in any event to warn of a defect which is open, visible and obvious, and the duty to warn *or repair* does not come into play because the user can be expected to see such defects for himself." (Emphasis added.)

In October, 1978, plaintiff, an employee of the Port of Portland, was supervising longshoremen in unloading boxcars owned by defendant. The door to one boxcar was stuck. In stepping from the loading dock to a metal runged ladder alongside the door to investigate, plaintiff fell when his foot slipped on a damaged rung. The rung was bent downwards and inwards, leaving only one to two inches of clearance between the boxcar and the rung. Four inches of clearance was normal.

At trial, plaintiff's attorney made the following objection to the instruction:

"I have one exception, Judge. You gave Defendant's Instruction Number 10 which — the only part of which I object to is the one where you said the duty to warn or repair — or repair does not come into play because the user can be expected to see such defect for himself. It seems to me we discussed this, and in the *[sic]* event the duty to repair does come into play whether it is open and obvious, so I would except to that instruction."

Although the transcript's rendering is ungrammatical, the only fair reading is that counsel was contending that the duty to repair exists whether or not the hazard is an open and obvious one.

[463]

On appeal, plaintiff places heavy reliance on *Wilk v. Georges,* 267 Or 19, 26, 514 P2d 877 (1973). In that case, where a customer of a nursery was injured when she fell on a wet plank, the court held that the owner of premises has a duty to do more than to warn an invitee of a hazard, that is, a duty to take "reasonable and feasible steps to obviate the danger," but only if the condition that existed is unreasonably dangerous in that it "cannot be encountered with reasonable safety even if the danger is known and appreciated." An alternate formulation of this test, derived from the Restatement of Torts 2d, § 343A, comment f, was cited with approval in *Wilk,* 267 Or at 24:

> "[I]f the possessor should anticipate that the dangerous condition will cause harm to the invitee despite the latter's knowledge, the possessor's duty of reasonable care *may* require him 'to warn the invitee, *or* to take other reasonable steps to protect him ***.' (Emphasis the Supreme Court's.)

Plaintiff cites no controlling authority for the broad proposition that a duty to repair exists whether or not the hazard is open and obvious, without more. That is not the law. It is true that the instruction given did not contain an exception that would permit liability in the case of an obvious, unreasonably dangerous hazard, where injury is reasonably foreseeable. *See Tow v. K-Mart,* 43 Or App 341, 343, 602 P2d 1111 (1979). Plaintiff neither objected on that basis at trial nor argues that issue on appeal.

Affirmed.