## MACKALL *v.* RICHARDS & Another.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Submitted December 8, 1885.—Decided December 14, 1885.

An appeal will not be entertained by this court from a decree entered in a Circuit or other inferior court in exact accordance with the mandate of this court upon a previous appeal. *Stewart* v. *Salamon,* 97 U. S. 361, affirmed.

In an appeal from the execution of a mandate of this court the appellant cannot object to an order in the original decree which was not objected to on the former appeal.

A defence, growing out of matter which happens after a mandate is sent down, can only be availed of by an original proceeding appropriate to the relief sought.

This was a motion to dismiss an appeal from the execution of a mandate of this court, 112 U. S. 369, 377, " for the reason that the decree of the Supreme Court of the District of Columbia, from which said appeal was taken, was by that court entered in accordance with, and in execution of, the mandate of this court, issued on a previous appeal and directed to that court; or if the said appeal shall not be dismissed, that the said decree of the said Supreme Court of the District of Columbia be affirmed, on the ground that, although in the opinion of this court, the record may show that this court has jurisdiction, it is manifest that said appeal was taken for delay only, and that the said question on which the jurisdiction depends, is so frivolous as not to need further argument."

*Mr. William B. Webb* and *Mr. Enoch Totten* for the motion.

*Mr. W. Willoughby* opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

This is an appeal from a decree of the Supreme Court of the District of Columbia entered at general term upon a mandate from this court. In *Stewart* v. *Salamon*, 97 U. S. 361, this rule was promulgated: "An appeal will not be entertained by this court from a decree entered in a Circuit Court or other inferior court in exact accordance with our mandate upon a previous appeal. Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves. If such an appeal is taken, however, we will, upon the application of the appellee, examine the decree entered, and if it conforms to the mandate dismiss the case with costs. If it does not, the case will be remanded, with appropriate directions for the correction of the error."

This suit was begun in the Supreme Court of the District of Columbia, May 2, 1871, to subject to the payment of certain judgments so much of lot 7, in square 223 of the city of Washington, as had not been conveyed by the marshal of the District of Columbia to Alfred Richards by deed bearing date October 7, 1870. A decree was entered in favor of the complainants, at special term, on the 23d of May, 1873. This decree was affirmed at general term, October 16, 1873, and by this court, March 19, 1877. Under the decree, a sale was made and reported to the court below, but upon the return Mackall filed exceptions because the property sold had not been sufficiently described. Upon hearing, these exceptions were sustained, and the sale set aside. The court then took steps to fix the boundaries of the property, and on the 11th of December, 1879, a decree was entered at special term directing that the sale be made according to a certain description. From this an appeal was taken to the general term, where the decree was affirmed, April 5, 1881, in all respects, except that one of the two trustees who had been appointed to make the sale was removed at his own request, and the other directed to proceed alone. An appeal was thereupon taken to this court, where the only error assigned was that the boundaries of the property had been erroneously fixed. At the last term this appeal was

heard and the cause remanded, with directions "to set aside the decree from which this appeal is prosecuted, and to order the sale in satisfaction of complainant's demands, and in such mode as may be consistent with the practice of the court and with law, of all of lot seven (7) outside of that on which the building known as Palace Market stands." *Mackall* v. *Richards*, 112 U. S. 369. On the production of this mandate, the court below entered a decree at general term in all material respects like that appealed from, except in the description of the property, which was made to conform exactly to the order of this court.

Upon examination, therefore, we are satisfied that the decree as entered is in accordance with the mandate. As no complaints were made on the second appeal about the terms of sale or the manner in which the sale was to be made, it was quite right in the court to follow the old decree in those particulars, which has been substantially done. As the appeal was taken for the sole purpose of correcting the description, it was proper to construe the mandate as in effect nothing more than an order for such a correction, leaving the remainder of the decree to stand.

The decree upon the mandate, although rendered at general term, was still the decree of the Supreme Court of the District, (*Richards* v. *Mackall*, 113 U. S. 540,) and the order on the trustee to report his sale to "this court" can work no injury. The order to take possession was part of the original decree, and as no objection was taken to it on the former appeals it ought not to be permitted now.

A motion was made by Mackall in the court below after the mandate was received for leave to file what was called a "supplemental bill," but which was in reality a supplemental answer to the original bill, setting up new defences growing out of matters occurring since the original decrees. This was properly denied. No discretion was left in that court to grant such a motion. The order of this court was in effect to enter the precise decree which has been made. If, since the original decree, the debts have been paid, or anything else has happened which makes it improper to carry the decree into execution,

resort must be had to some form of original proceeding appropriate to relief on that account. It cannot be done by way of defence before decree upon our mandate. The order of this court places the case where it would be if the original decree had been what it is now.

It follows that

*The appeal must be dismissed under the rule, with costs; and it is so ordered.*