[Decided January 6, 1887.]

## S. WATERMAN AND S. I. KATZ, *v.* WILLIAM LEMON AND BRIDGET LEMON.

1. APPEAL — MANDATE — EFFECT OF REVERSAL — DISTRICT COURT. — The action of the District Court by way of compliance with a mandate from the Supreme Court, in a cause wherein the rights of all parties have been determined by a decision of the Supreme Court upon which the mandate was issued, is not reviewable by appeal.

2. SAME — PRACTICE — NON-COMPLIANCE WITH MANDATE. — Non-compliance with the mandate of the Supreme Court is corrigible by further mandate, upon application of any party aggrieved, as in a cause whereof this court has still jurisdiction.

APPEAL from the District Court holding terms at Olympia. Second District.

This cause was heard and determined on the merits by the Supreme Court in August, 1885, and by its judgment at said date the judgment of the lower court was reversed and the cause remanded, with directions to permit an amendment of the complaint, and then proceed to judgment in accordance with the views expressed in the opinion, and mandate to District Court was issued accordingly. The amendment to the complaint was di·

rected to supply an omission in the pleading, which clearly appeared by the evidence. (See 7 Pac. Rep. 899.) The plaintiff in the court·below, as authorized, amended his complaint, whereupon appellant applied for leave to demur to the amended complaint. Application denied, and judgment was rendered by the District Court in accordance with the views expressed in the opinion of the Supreme Court, from which judgment this appeal was prosecuted. Appellee moved to dismiss, because the judgment was not appealable, and was in effect the final judgment of the Supreme Court in this cause.

*Mr. C. W. Hartman*, for the Appellee, in support of the motion.

When mandate was returned, the District Court could only obey the directions of the mandate by allowing the amendment, and then render judgment for plaintiff as directed. This the Supreme Court has done, but as a matter of convenience, the duty was assigned to the District Court. (Code, sec. 475 et seq.; *McMillan* v. *Richards*, 12 Cal. 467; *Gunter* v. *Laffen*, 7 Cal. 588; *Clay* v. *Hoagland*, 6 Cal. 685; *Phelan* v. *Supervisors*, 9 Cal. 15; *Reniff* v. *Cyntha*, 18 Cal. 669; *Argenti* v. *Supervisors*, 30 Cal. 458.)

*Messrs. McNaught, Ferry, McNaught, & Mitchell*, for the Appellants, *contra*.

Under Code, Supreme Court has no power upon reversal of a judgment to remand the cause to the lower court for any other purpose than a new trial. (Code, secs. 475, 478.) The remanding of a cause upon reversal of judgment operates to grant a new trial. (*Updyke* v. *Parker*, 11 Ill. App. 356; *Coal Co.* v. *Peck*, 105 Ill. 529; *Schlay* v. *Schofield*, 61 Ga. 528.) A judgment of reversal in the Supreme Court is not necessarily a bar to further proceedings. The opinion rendered is advisory to the lower

court, and after reversal the parties have the same rights which they had originally. (*Stearns* v. *Aquirre*, 7 Cal. 443.)

Mr. Chief Justice GREENE delivered the opinion of the court.

The main question presented on this motion to dismiss is whether the action of the District Court, by way of compliance with a mandate of this court, in a cause wherein the rights of all parties have been fully determined by a decision of this court upon which the mandate is based, is reviewable before us by appeal. We think that it is not. Under secton 478 of the Code, this court has the power to send a cause, in which it has affirmed or modified the judgment, back to the District Court, with directions to carry the affirmance or modification into effect. In such a case, the District Court becomes for that purpose the mere instrument of this court to make operative its decree. Any non-compliance with the mandate of this court is corrigible by further mandate, upon application of any party aggrieved, as in a cause whereof this court still has jurisdiction, and not by appeal. (*Mackall* v. *Richards*, 116 U. S. 45.) In an equity cause a reversal is a modification, being indeed a new decree.

Let the appeal herein be dismissed.

TURNER, J., and LANGFORD, J., concurred.