## WILLIAM HANLEY CO. *v.* COMBS.

[119 Pac. 333.]

SALES—CONTRACTS—RESCISSION.

1. Where defendant, contracting to deliver to plaintiff 600 head of cattle of a kind and quality described, presented about 500 head of cattle, a portion of which were not up to the standard of the contract, and plaintiff accepted only 225 head, defendant could not rescind the contract and keep the money advanced by plaintiff, without showing a disposition to substantially comply with the contract by producing the required number of cattle for inspection and passing.

APPEAL AND ERROR—LAW OF THE CASE.

2. All questions which could have been raised and adjudicated on appeal are deemed adjudicated, and on a subsequent trial a motion for judgment on the pleadings comes too late; the pleadings being in the same condition as they were on the first appeal.

From Grant: GEORGE E. DAVIS, Judge.

This is an action by the William Hanley Company, a private corporation, against J. D. Combs. From a judgment in favor of the defendant, plaintiff appeals. (See 48 Or. 409: 87 Pac. 143). REVERSED.

For appellant there was a brief over the names of *Messrs. Clifford & Correll,* with an oral argument by *Mr. Morton D. Clifford.*

For respondent there was a brief over the names of. *Messrs. Cattanach & Wood,* with an oral argument by *Mr. A. A. Smith.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The evidence does not show or tend to show any abandonment of the contract by Hanley, plaintiff's agent. Combs was to present to Hanley at Bear Valley 600 head of steers of the kind and quality described in the contract. He presented something over 500 head, and a portion of these confessedly not the proper age and quality, and when he and Hanley disagreed as to the number that came up to the standard of the contract defendant declared the

Sig. 20

contract rescinded, and proposed to keep all the money advanced. Before defendant could rescind the contract and keep the money advanced, he should have shown a disposition to substantially comply with the contract, and have offered to comply by producing the required number of cattle for inspection and passing. He admits that his actual damages were less than $500, and yet claims that because plaintiff's agent refused to pass more than 225 head of the 578 presented that he is entitled to rescind the contract and keep all the money advanced. There is nothing in the evidence which tends to show that Hanley intended to substantially abandon the contract. In fact, he signified a willingness to take 225 head, which he claimed came up to the contract standard, but defendant was determined that he should be governed by the judgment of himself and his hired men as to the quality of the stock. Under the circumstances, defendant could not rescind the contract without returning the money advanced.

2. The motion for judgment on the pleadings came too late to avail plaintiff anything. As to the matters raised by the motion, the pleadings are in the same condition now as they were on the first appeal, and if they are defective now they were defective then. All questions which could have been raised and adjudicated on that appeal are *res adjudicata.* 3 Cyc. 398; *Smith* v. *Seattle,* 20 Wash. 613 (56 Pac. 389) ; *Smith* v. *Neff,* 123 Ill. 310 (17 N. E. 702) ; *Dilworth* v. *Curts,* 139 Ill. 508 (29 N. E. 861).

The general principles of law applicable to this case are so well settled in the former able opinion of Mr. Justice BEAN (48 Or. 409: 87 Pac. 143), that it is unnecessary to discuss this case further. To permit the judgment to stand would be a gross injustice, and it is therefore reversed, and new trial ordered.          REVERSED.