PEAVY–BYRNES LUMBER CO. v. COMMISSIONER OF INTERNAL REVENUE. *

No. 7853.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1936.

Sidney L. Herold and John B. Files, both of Shreveport, La., for petitioner.

John MacC. Hudson, Helen R. Carloss, and Sewall Key, Sp. Assts. to the Atty. Gen., Robert H. Jackson, Asst. Atty. Gen., and J. E. Marshall, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal has reference to income and profits taxes for the years 1916, 1917, and 1918. It is the third appeal to this court from a decision of the Board of Tax Appeals in this case. The opinion of this court on the first appeal is reported in Peavy-Wilson Lumber Co. v. Commissioner, 51 F.(2d) 163. Certiorari was granted by the Supreme Court upon application of the Commissioner, and the decision of this court was reversed on the issue of affiliation. Burnet v. Peavy-Byrnes Lumber Co., 286 U.S. 524, 52 S.Ct. 494, 76 L.Ed. 1267. Thereafter this court entered judgment in conformity with the mandate of the Supreme Court. Commissioner v. Peavy-Byrnes Lumber Co., 61 F.(2d) 1023. The several decisions of the Board of Tax Appeals are reported in 14 B.T.A. 625, 25 B.T.A. 223, and 31 B.T.A. 985, respectively.

On the second appeal, reported in 69 F.(2d) 712, this court, having again reversed the decision of the Board of Tax Appeals because of its failure to determine, in accordance with the mandate, the value of the addition to invested capital and the cost of the timber, the cause was sent back with specific findings and directions, contained in the mandate, "to determine petitioner's tax liability in accordance with its finding of $665,000 as the fair value of the stock, the cost of the timber, as of July 28, 1913, when the exchange was made."

The Board ordered that the cause be called for hearing on final decision in accordance with the opinion of this court and that prior to such hearing the parties file recomputations of the tax in accordance with the mandate. The case was called pursuant to the Board's order, the parties having previously filed their respective computations of tax liability for each year. The petitioner then asked leave to amend further its petition so as to claim additional deductions for depletion on timber not covered by the Krause Monagan contract.

*Rehearing denied Dec. 17, 1936. Writ of certiorari denied 57 S. Ct. —, 81 L. Ed. —.

The petitioner further claimed an additional credit against its tax liability for 1918 on account of payments previously made. The Commissioner objected to the amendment and to the introduction of evidence as to additional depletion deductions on the ground that, under the mandate of this court, the Board had no jurisdiction to grant such further relief. The Commissioner further objected to any evidence respecting the claim for credits against the 1918 tax on the ground that the petitioner was estopped to question the amount determined by the Commissioner. The Board held that it had no power under the mandate to grant the additional deductions for depletion and the claim for credit, and that, in any event, the petition to amend the petition should be denied. Accordingly, the Board entered its order redetermining the tax liability for each year in accordance with the recomputation filed by the Commissioner. The petitioner has appealed from that decision.

■ The second mandate, unlike the first, remanded this cause, not for a rehearing, but with directions to redetermine the tax liability in conformity with specific findings, leaving to the Board only the matter of computing the correct amount on the basis thereof. The allowance of the claimed additional depletion involves no mere matter of accounting. It necessitates an amendment to the pleadings and the taking of further evidence. The case has been twice heard and decided by this court on the merits, and we think the Board properly held it was without power under the mandate to allow an amendment attempting to raise an entirely new issue claiming additional depletion deductions.

■ The applicable general rule is stated as follows: "When the merits of a case have been once decided by this court on appeal, the circuit court has no authority, without express leave of this court, to grant a new trial, a rehearing, or a review, or to permit new defenses on the merits to be introduced by amendment of the answer." In re Potts, 166 U.S. 263, 267, 17 S.Ct. 520, 521, 41 L.Ed. 994. In Mackall v. Richards, 116 U.S. 45, 6 S.Ct. 234, 29 L. Ed. 558, it was held that upon the remand of a cause, heard and decided upon appeal on the merits, with directions as to the judgment to be entered, the trial court properly denied a motion for leave to file a supplemental bill setting up new defenses. The court said (116 U.S. 45, at page 47, 6 S.Ct. 234, 235, 29 L.Ed. 558): "No discretion was left in that court to grant such a motion. The order of this court was in effect to enter the precise decree which has been made." See, also, In re Sanford Fork & Tool Company, 160 U.S. 247, 255, 256, 16 S.Ct. 291, 40 L.Ed. 414; United States v. New York Indians, 173 U. S. 464, 19 S.Ct. 487, 43 L.Ed. 769; Stewart v. Salamon, 97 U.S. 361, 362, 24 L.Ed. 1044; Kansas City Southern Railway Company v. Trust Company, 281 U.S. 1, 50 S. Ct. 194, 74 L.Ed. 659; Gaines v. Rugg, 148 U.S. 228, 13 S.Ct. 611, 37 L.Ed. 432; In re Washington & Georgetown Railroad Co., 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339; Goldwyn Pictures Corporation v. Howells Sales Co., 287 F. 100 (C.C.A.2); D'Arcy v. Jackson Cushion Spring Co., 212 F. 889 (C.C.A.6); Harrison v. Clarke, 182 F. 765 (C.C.A.8); In re N. V. Zuid-Hollandsche Scheepvaart, etc., 64 F.(2d) 915 (C.C.A.5).

■ For like reasons, the Board denied petitioner's claim for credits upon its return for the year 1918. A consolidated return, on the basis of affiliation, was filed in the name of Peavy-Wilson Company, whose officers were the same as petitioner's. The notice of deficiency was sent petitioner in March, 1926, and about a year later it was advised by the collector that the payments on behalf of both corporations had been credited to Peavy-Wilson's account. Thus it appears that as early as March, 1927, the petitioner was advised of the application of the payments made with respect to it and its alleged affiliate, but not until this cause was remanded the second time, with specific directions, did it question the application of payments. After affiliation was denied by the Supreme Court in April, 1932 (Burnet v. Peavy-Wilson Lumber Co., 286 U.S. 524, 52 S.Ct. 494, 76 L.Ed. 1267), the matter of application of payments to the respective affiliates became material, and the petitioner could and should have asserted any claim for credits to which it was entitled, the cause being at that time before the Board on the first mandate. Having failed to do so, it was too late for it to raise the question when the case was being considered under the second mandate of this court directing the order to be entered in accordance with specific findings. The tax liability of Peavy-Wilson Company for 1918 had been long since finally determined and could not then be reopened, nor

could the Commissioner then have reassessed and collected any tax that might have been due from Peavy-Wilson as the result of the alleged erroneous credit of payments made by petitioner. Under such circumstances the petitioner was estopped to assert that the payments were improperly applied and to claim additional credits against its tax liability on account thereof.

The order of the Board of Tax Appeals is in strict accord with the mandate of this court, and is affirmed.