## LONG BEACH DOCK & TERMINAL CO. v. PACIFIC DOCK & TERMINAL CO.

No. 8833.

Circuit Court of Appeals, Ninth Circuit.

Sept. 12, 1938.

Walter M. Campbell, Jr., and Walter M. Campbell, Sr., both of Los Angeles, Cal., for appellant.

Farrand & Slosson, George E. Farrand, Leonard B. Slosson, and Edward W. Tuttle, all of Los Angeles, Cal., for appellee.

Before GARRECHT, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This was a suit by Pacific Dock & Terminal Company, a Delaware corporation (hereafter called the Pacific Company), against Los Angeles Dock & Terminal Company, a California corporation (hereafter called the Los Angeles Company), and Pacific-Southwest Trust & Savings Bank, a California corporation (hereafter called the bank), in the District Court for Southern California. The District Court entered a decree in the case on August 16, 1930. On May 25, 1931, we reversed that decree and remanded the case for further proceedings not inconsistent with our opinion. Pacific Dock & Terminal Co. v. Los Angeles Dock & Terminal Co., 9 Cir., 50 F.2d 557, 567.[1]

In that opinion, we construed an option agreement between the Los Angeles Company and the Pacific Company's assignor, D. M. Reynolds, whereby the Los Angeles Company had granted Reynolds an option to purchase from it 220 acres of land in the Long Beach Harbor district in Los Angeles County, California, and Reynolds had agreed to construct a blast furnace on or adjacent to said land on or before July 8, 1927. We found that the option had been exercised, but that the blast furnace had not been constructed. We also construed a trust agreement[2] which had been executed by the Los Angeles Company and the Pacific Company and delivered to the bank, with a deed conveying to the bank, in trust, 75 of the 220 acres of land. We held that, for the breach of Reynolds' agreement to construct a blast furnace, the Los Angeles Company was entitled to actual damages, if any, sustained by it in consequence thereof, and that the payment of such actual damages, not to exceed $500,000, was secured by the trust agreement and deed above referred to, but that the Los Angeles Company was not entitled to the sum of $500,000 as liquidated damages.

---

[1] Reversing Pacific Dock & Terminal Co. v. Los Angeles Dock & Terminal Co., D. C., 42 F.2d 496.

[2] In the record, this agreement is variously designated "trust agreement," "declaration of trust," "escrow instructions." Sometimes the agreement and the deed accompanying it are, together, referred to as a deed of trust.

Our mandate issued on December 5, 1931. On August 24, 1935, the Los Angeles Company applied to the District Court for leave to file a proposed amendment to its answer and a proposed counterclaim. On October 24, 1935, leave to file the proposed counterclaim was granted, and leave to file the proposed amendment was granted in part and denied in part. The part which the court denied leave to file was a reassertion of the Los Angeles Company's contention that it was entitled to the sum of $500,000 as liquidated damages. The denial was proper. To have permitted the Los Angeles Company to reassert or relitigate its claim for liquidated damages would have been a violation of our mandate.

Prior to November 10, 1936, The Pacific Dock & Terminal Company, a California corporation (hereafter called appellee), succeeded to all the right, title and interest of the Pacific Company in and to the subject matter of the litigation and was substituted as plaintiff in its place and stead. Also, prior to November 10, 1936, Long Beach Dock & Terminal Company, a Nevada corporation (hereafter called appellant), succeeded to all the right, title and interest of the Los Angeles Company and was substituted as defendant in its place and stead.

The District Court reheard the case on November 10, 1936. At the commencement of that hearing, counsel for appellee stated to the court and opposing counsel: "[It] is our position that, under the mandate of the Circuit Court of Appeals and the opinion in [this] case, there is only one issue left here to be tried by the court at this time, and that is the issue of the actual damages sustained, if any, by the defendant [the Los Angeles Company] for the failure on the part of the plaintiff [the Pacific Company] to build the blast furnace called for in the written document which was executed by the parties."

The court thereupon inquired of appellant's counsel: "May I ask the defense if they have the same impression?" To this inquiry, appellant's counsel replied: "I think so, your Honor; that the real issue of the case is the amount of damage, if any, that the defendant suffered by reason of the failure of the plaintiff to erect a blast furnace plant at the place indicated." Thus, it is seen, appellant's counsel recognized and admitted the obvious fact that, under our mandate, the only issue to be tried was whether, and in what amount, the Los Angeles Company was actually damaged by the non-performance of Reynolds' agreement to construct a blast furnace.

The court tried that issue and thereafter made and filed its findings of fact and conclusions of law. The principal finding was that, by reason of the failure to construct a blast furnace, the Los Angeles Company had sustained actual damage in the sum of $225,300. Accordingly, on October 13, 1937, the court entered a decree to the effect that, unless the sum of $225,300, with interest, was paid to appellant, the trustee named in the decree[3] should, after giving notice as provided by the laws of California governing sales on judicial foreclosure, sell the 75 acres of land at public auction and, from the proceeds thereof, pay appellant the sum named, with interest, and pay the balance of such proceeds, if any, to appellee, but that notice of such sale should not be given until 20 days after entry of the decree.

On November 3, 1937, appellee tendered the money ($225,300), with interest, to appellant, and appellant refused to accept it. On November 10, 1937, appellee deposited the money with the clerk of the court and, with it, the statutory[4] fee of 1%. Appellee then moved the court for an order directing the clerk to pay the money to appellant, directing the trustee to convey the land to appellee, and declaring the decree satisfied. Such an order was, after notice and hearing, entered by the court on December 13, 1937. In compliance therewith, the clerk, on December 14, 1937, paid the money to appellant, appellant accepted and receipted for it, and the trustee conveyed the 75 acres of land to appellee.

Thereafter, appellant appealed, not from the whole decree, but only from so much thereof as (1) limited the issue to be tried to the question of actual damages, and (2) refused to award appellant, in addition to the sum actually awarded, the further sum of $274,700 as liquidated damages. The appeal is also from the order of December 13, 1937, but the grounds on

---

[3] The bank having refused to act as trustee, the court appointed one.

[4] 28 U.S.C.A. § 555 (8).

which the order is challenged are the same as those urged against the decree. The order follows the decree and must stand or fall with it.

There are four assignments of error, of which only three relate to the decree. These are that the trial court erred (1) in refusing, as our mandate required it to refuse, to permit the Los Angeles Company to file that part of its proposed amendment to its answer which reasserted its contention that it was entitled to the sum of $500,000 as liquidated damages; (2) in limiting, as our mandate required it to limit, the issue to be tried to the question of actual damages only; and (3) in refusing, as our mandate required it to refuse, to award appellant, in addition to the sum actually awarded, the further sum of $274,700 as liquidated damages. Thus, in substance and effect, each assignment is that the trial court erred, in that it obeyed, and refused to violate, the mandate of this court.

Appellee moves to dismiss the appeal, on the ground that "The appeal in effect assigns as error on the part of the trial court only its action in obeying the mandate of the Circuit Court of Appeals on the prior appeal."

The motion is well founded. The sole question attempted to be raised on this appeal is whether our decision on the former appeal was right or wrong. Appellant contends that it was wrong, and that, therefore, our mandate was wrong and should not have been obeyed. That the mandate was obeyed, and that the decree was in conformity therewith, is conceded. Thus the decree was, in effect, our decree, and the present appeal is "from ourselves to ourselves." Stewart v. Salamon, 97 U.S. 361, 362, 24 L.Ed. 1044. Such an appeal will not be entertained. Stewart v. Salamon, supra; Mackall v. Richards, 116 U.S. 45, 6 S.Ct. 234, 29 L. Ed. 558; Humphrey v. Baker, 103 U.S. 736, 26 L.Ed. 456; Texas & Pacific Ry. Co. v. Anderson, 149 U.S. 237, 241, 13 S.Ct. 843, 37 L.Ed. 717; Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 37, 14 S.Ct. 4, 37 L.Ed. 986; United States v. New York Indians, 173 U.S. 464, 472, 19 S.Ct. 487, 43 L.Ed. 769; Fisher v. Bank of America National Trust & Savings Ass'n, 9 Cir., 72 F.2d 635, 638.

Appeal dismissed.