SIDNEY S. ROWEN and IDA B. ROWEN, Appellants, Petitioners below, v. EMMETT S. HICKMAN Co., for The Diamond State Telephone Company, Appellee, Respondent below.

(*June* 29, 1955.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Robert C. Barab* for appellants.

*David F. Anderson* (of Berl, Potter and Anderson) for appellee.

Supreme Court of the State of Delaware, No. 6, 1955.

SOUTHERLAND, C. J.:

This is a second appeal in this case. On the first appeal it appeared that the telephone company had sought from the Board of Adjustment an order (1) granting the right to establish a parking lot in a residential zone, and (2) granting the right to join a telephone exchange and office building by varying a set-back requirement applicable to the exchange. The company's application was granted in both respects, and on appeal to the Superior Court it was affirmed. Upon appeal to us the contention respecting the variance of the set-back requirement was not raised. We reversed the holding as to the parking lot, because there was no evidence showing that a parking lot for employees was a use customarily incidental to a telephone exchange, and no showing of hardship justifying a variance, but we gave leave to the company to present evidence upon the issue of customary use. In remanding the case to the Board we said:

"If the company elects to take no further action the Board should, by appropriate proceedings, modify its determination so as to conform to the principles laid down in this opinion." 10 *Terry* 13, 108 *A.* 2d 667, 675.

Upon remand the company elected to present no further testimony, and the Board then modified its order to eliminate therefrom any references to the parking lot. Its prior order granting the variance in respect of the set-back was left in full force. On appeal to the Superior Court the Board's decision was affirmed.

The objectors now seek to review in this Court the legality of the Board's original order granting the variance as to the set-back—an order approved by the Superior Court and not attacked before us on the first appeal. It is said that after a reversal of a judgment below, a second appeal may raise questions not passed on by the appellate court in the first appeal. Objectors cite *Mutual Life Ins. Co. of New York v. Hill*, 193 *U. S.* 551, 24 *S. Ct.* 538, 48 *L. Ed.* 788. When that case first came before the Supreme Court of the United States it presented the question of the sufficiency in law of certain defenses in the answer. The order of the trial court sustaining a demurrer to those defenses was reversed and the case remanded. The second appeal came after trial on the merits, upon amended pleadings. It was held that the prior remand did not foreclose the defendant from raising questions not passed on by the Supreme Court on the first appeal. As will be seen, that case presents facts quite different from those before us. The issue now sought to be raised was specifically passed on by the Board and by the Superior Court, and on appeal to this Court was abandoned. Accordingly, our mandate was a limited one. We directed the Board to hear testimony if the company chose to present it; and further expressly directed the Board, if the company chose not to present testimony, to modify its determination to conform to our opinion—that is, to eliminate the parking lot. This it has done.

Objectors say that the language of our opinion does not necessarily import a limited remand. We think that it does. If there were any doubt upon the matter it would be dispelled by a reference to the written application of the company's counsel to modify the concluding language of the opinion as originally filed. Counsel urged us to make it clear that the Board's ruling respecting the joining of the buildings (*i.e.*, the elimination of the set-back requirement) should be permitted to stand regardless of future developments in the case. Of this application objectors had ample notice. They protested that the modification requested would limit the Board's discretion upon further proceedings, but we granted the application. Clearly, our decision

upon this point was dispositive of the contention now made. The mandate was expressly made a limited one.

Objectors frankly concede that if the mandate was a limited one the appeal must be dismissed, as nothing more than an attempt to appeal to us from an order that is, in effect, our own order. *Mackall v. Richards*, 116 *U. S.* 45, 6 *S. Ct.* 234, 29 *L. Ed.* 558.

The motion is granted, and the appeal is dismissed.