Argued May 7, affirmed May 14, petition for rehearing denied
June 14, petition for review denied September 5, 1973

CITY OF IDANHA, *Respondent, v.* CONSUMERS
POWER, INC., *Appellant.*

509 P2d 1226

*Robert Mix,* Corvallis, argued the cause and filed the briefs for appellant.

*Scott McArthur,* Monmouth, argued the cause for respondent. With him on the brief were McArthur & Horner, Monmouth.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendant, by this appeal, challenges the validity of a decree on mandate entered by the trial court following our decision on the merits on a previous appeal in this case. *City of Idanha v. Consumers*

*Power,* 8 Or App 551, 495 P2d 294 (1972). So far as material to an understanding of the issues which defendant seeks to raise on this appeal, the thrust of our decision in *Idanha* was that while plaintiff city had legal authority to enact the ordinance (No. 6) imposing license fees on public utilities operating within the city, plaintiff could not by such ordinance forbid defendant, a nonprofit electrical cooperative, from passing the tax on to its customers living within the city.

The challenged decree on mandate ordered defendant to pay the three per cent tax on defendant's gross earnings within plaintiff city, and also granted judgment to plaintiff against defendant for the tax.

Defendant, in attacking the decree below, makes the following contentions:

(1) The decree violates the mandate;

(2) Defendant cannot increase its rates to offset the tax imposed;

(3) Plaintiff, by allegedly frustrating defendant's efforts to collect the tax, is guilty of unclean hands and is not entitled to the benefits of the decree; and

(4) The decree denies defendant due process and equal protection of the laws by compelling defendant to guarantee payment of the tax.

■■ Defendant's first contention is based on the false premise that the challenged tax is one levied by plaintiff against the customers of defendant residing within Idanha, rather than on defendant utility itself. A reading of the ordinance establishes beyond question that the subject tax is one levied against the defendant utility, not against the customers residing within the city. All that our decision held in this respect was that the provisions of the ordinance which

purported to prohibit a subject utility from passing on any portion of the tax to utility customers living within the boundaries of plaintiff city, were beyond the authority of plaintiff under the facts involved here. Our decision did not transform the tax from a tax on the utility to a tax on its customers.

Next, defendant contends that it is prohibited by a federal statute from increasing its rates in order to pay the tax imposed.

■ Even if we were to assume for purposes of argument (a) that the only way defendant can pay the tax is by increasing its rates to Idanha customers, and (b) that defendant is correct in its interpretation of the cited federal statute, this is a defense which defendant could have made in the trial court in the original proceeding (and thence on appeal to this court), but did not. All questions which could have been raised and adjudicated on appeal are deemed adjudicated. *William Hanley Co. v. Combs*, 60 Or 609, 119 P 333 (1912).

■ Defendant's fourth point must also fail for this same reason. Defendant cannot in this proceeding raise new grounds for challenging the validity of the subject ordinance, e.g., that the ordinance unlawfully imposes an obligation on defendant to collect the tax on its Idanha customers, or that the tax violates the guarantees of due process and equal protection of the laws under the United States and Oregon Constitutions. *See* 5 Am Jur2d 417, 419, Appeal and Error § 991.

■■ Finally, we consider defendant's third contention, viz., that plaintiff is guilty of unclean hands and is not entitled to the benefits of the decree. Assuming arguendo the validity of defendant's argument on this

contention, this is not an issue that can be raised in the manner in which defendant seeks to raise it. Relief from asserted changed conditions or rights allegedly accruing or injuries allegedly occurring pending or following the appeal can be had, if at all, only by resort to an original proceeding by which appropriate relief may be sought. *See,* for example, *Mackall v. Richards,* 116 US 45, 6 S Ct 234, 29 L Ed 558 (1885); *Galbreath v. Wallrich,* 48 Colo 127, 109 P 417 (1910).

Having considered all of defendant's contentions and the authorities cited in support thereof, we conclude that the challenged decree conforms with the mandate previously issued by this court, and that defendant's objections are not well taken.

Affirmed.