Argued August 24, reversed and remanded November 6, 1978

BAKER, *Respondent,*
*v.*
LANE COUNTY, *Appellant.*
(No. 72-4580, CA 10197)

586 P2d 114

Randall Bryson and Richard Bryson, Eugene, argued the cause for appellant. With Richard Bryson on the brief were Calkins & Calkins, and Bryson & Bryson, Eugene.

Clayton C. Patrick, Salem, argued the cause for respondent. With him on the brief was Roy Dwyer, Eugene.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant appeals a judgment on a jury verdict for plaintiff in a personal injury action.

The matter has been before this court twice before. *Baker v. State Board of Higher Ed.,* 20 Or App 277, 531 P2d 716, *rev den* (1975); *Baker v. Lane County,* 28 Or App 53, 558 P2d 1247 (1977). On the first appeal, which followed the sustaining of a demurrer to plaintiff's fourth amended complaint, we held that the State Board of Higher Education was immune from liability, but Lane County was not. We remanded the case for trial. At the conclusion of plaintiff's case on the trial, the court granted a judgment of involuntary nonsuit, ruling that plaintiff was a trespasser at the time of the injury and that in light of the standard of care owed to a trespasser no jury issue had been raised. We again reversed and remanded, holding that at the time of his injury plaintiff was an invitee as a matter of law and was therefore owed a duty of reasonable care.

The facts, as stated in the second opinion, were as follows:

> "In 1972 plaintiff, then aged eight, was with his parents attending an 'Indian Powwow' in the Arena Building at the Lane County Fairgrounds when he was attracted by the sound of a motorcycle. He left fairgrounds property through a gate adjacent to the Arena Building to investigate, and re-entered the fairgrounds through another, less frequently used gate some distance away. He approached a chain-link fence within the fairounds area which paralleled the fairgrounds border for some distance. The fence did not form an enclosure and was accessible to the plaintiff from either side. Plaintiff reached through this section of fence, and tugged on a rope tethering a horse to the other side. A motorcycle backfired and the horse reared, causing the middle three fingers of plaintiff's left hand to be severed by the fence." 28 Or App at 55.

We concluded that

> "* * * there have been a number of cases, both in Oregon and in other jurisdictions, which hold that when

[ 89 ]

a public body maintains and occupies land or facilities which are open to the public, then all members of the public who use the land or facility for the purposes for which they are held open have invitee status.

"Here the manager of the fairgrounds testified that the fairgrounds were generally open to the public, that there were no times when the grounds were closed except during the night hours, and that many people go through the fairgrounds property looking at flowers and attending functions held in the various buildings. He further testified that even though he anticipated that children would attend the powwow, no areas were designated off limits to the patrons of the powwow. The fairgrounds, then, were maintained in a fashion somewhat similar to a city or county park—freely open to the public for general use and enjoyment. One who enters the fairgrounds for a use consistent with the maintenance of the fairgrounds, as did plaintiff, enters with invitee status. Consequently, defendant owed plaintiff a duty of reasonable care; a duty not to be negligent, either through affirmative acts or through the lack of affirmative acts." 28 Or App at 57-58. (Footnotes omitted.)

On the second appeal defendant also argued that there was no evidence in the record from which a jury could reasonably have concluded that it was negligent. We disagreed.

This time defendant again argues that plaintiff was not an invitee at the time of the injury and that even if he had been, none of plaintiff's allegations of negligence should have been sent to the jury. Defendant's other major argument is that the trial court erred in excluding evidence that no similar accidents had previously occurred on the fairgrounds. Defendant additionally raises issues concerning certain instructions given or not given by the trial court.

### Plaintiff's Status

■ The evidence presented at this trial was substantially the same in all material respects as was presented in the proceeding which culminated in the involuntary nonsuit and our prior opinion. Under the doctrine of "law of the case," our holding that plaintiff

was, as a matter of law, an invitee at the time of his injury would ordinarily be determinative of that issue. *Marr v. Putnam,* 213 Or 17, 321 P2d 1061 (1958). Defendant argues that the ruling was "dictum" and that it was based upon an incorrect factual premise, *i.e.,* that "[t]he fence did not form an enclosure and was accessible from either side." The simple answer to the first argument is that the issue of plaintiff's status at the time of his injury was clearly presented in the earlier appeal. Whether the statement concerning the fence was correct on the record before us at that time is not an issue we need address. Whether or not the fence was accessible from either side, our holding was correct. Plaintiff was an invitee at the time he was injured. The fairgrounds were held open to the public for general use, which included simply wandering around to view the animals and flowers. (In fact, the public was free to go inside the barns where the horses were stabled.) At the time of the accident, plaintiff was in an area open to the public and was using the land for a purpose for which it was held open, *i.e.,* to view animals. He was therefore an invitee. *Parker v. Hult Lumber & Plywood Co.,* 260 Or 1, 488 P2d 454 (1971); *Baker v. Lane County, supra.* Defendant owed him a duty of reasonable care. *Mickel v. Haines Enterprise, Inc.,* 240 Or 369, 400 P2d 518 (1965).

## Plaintiff's Allegations

Defendant argues that none of plaintiff's allegations of negligence should have been sent to the jury. The first allegation was that defendant was negligent in failing to separate the area of ingress and egress to the arena from the area where horses were located in order to protect children from coming in contact with the horses. The second and third allegations were that the county was negligent in allowing horses to be left unattended and in failing to direct persons stabling their horses there not to leave them unattended while patrons of the powwow were present.

On the prior appeal defendant raised essentially the same issues. We noted:

[ 91 ]

"Defendant contends that there is no evidence in the record from which a jury could reasonably conclude that it was negligent. We disagree. * * * There is evidence from which a jury could find defendant negligent." 28 Or App at 58-59.

Defendant has now recast some of its arguments why the allegations should have been withheld from the jury. Under the "law of the case" doctrine, however, defendant is precluded from raising any legal issues decided in the earlier appeal or which could have been raised but were not. *Shaver Co. v. Eagle Star Ins. Co.,* 177 Or 410, 162 P2d 789 (1945); *City of Idanha v. Consumers' Power,* 13 Or App 431, 509 P2d 1226, *rev den* (1973). We therefore treat defendant's arguments as a request that we reconsider and overturn our ruling in the previous appeal.

The only argument which merits discussion in this regard is that the injury to plaintiff was so unforeseeable that as a matter of law defendant could not be negligent. The question, however, is not whether this *particular* injury to this *particular* plaintiff was foreseeable, but whether an injury of this general type to any person in the class to which plaintiff belonged was reasonably foreseeable. *Stewart v. Jefferson Plywood Co.,* 255 Or 603, 469 P2d 783 (1970); *Danner v. Arnsberg,* 227 Or 420, 362 P2d 758 (1961). An injury to a child on the outside of the fence by a horse inside and tied to the fence was not so unforeseeable that the allegations should have been withheld from the jury.[1]

### *Evidence of Lack of Prior Similar Accidents*

Defendant argues that the trial court improperly excluded testimony of the fairgrounds manager and of the woman who tied the horse to the fence that they knew of no similar accidents which had occurred previously at the fairgrounds. The woman had stabled horses there for two years. She was not a county

---

[1]Defendant argues that the issue of foreseeability should be viewed more broadly. That issue is discussed below in regard to evidence of lack of prior similar accidents.

employee. Both she and the fairgrounds manager were asked several questions concerning their knowledge of prior accidents at the fairgrounds. Some of the questions related generally to their knowledge concerning any injuries caused by horses. Each was asked at least one question, however, directed specifically at knowledge of prior accidents involving horses and fences, or horses tied to fences.

■ The general rule is that evidence of the lack of previous accidents under similar circumstances is admissible to prove that no dangerous condition existed and that the injury was not reasonably foreseeable. *Wilk v. Georges,* 267 Or 19, 514 P2d 877 (1973); *Quigley v. School Dist. 45J3,* 251 Or 452, 446 P2d 177 (1968); *Smith v. Portland Traction Co.,* 220 Or 215, 349 P2d 286 (1960); *Robertson v. Coca Cola Bottling Co.,* 195 Or 668, 247 P2d 217 (1952).

Plaintiff argues that the general rule of admissibility is inapplicable here for several reasons. First, he contends that foreseeability is not an issue in a negligence action brought against the owner of the land by an invitee injured by an animal kept on the premises. He cites *Chance v. Ringling Bros.,* 257 Or 319, 478 P2d 613 (1970). In that case the court held that in a personal injury action against the person who has control over the premises, knowledge of the specific dangerous propensities of the animal that caused the injury need not be proven. That rule does not, however, eliminate the issue of foreseeability entirely from such a case. Defendant's knowledge of the characteristics of the class of animals involved which make them hazardous under certain conditions must still be proven, unless such knowledge is conclusively imputed to the defendant. Plaintiff argues that knowledge that a horse might injure a child should be imputed to defendant and that no more specific issue of foreseeability was involved. With the latter proposition we disagree.

■■ As noted above, it need not be proven that the specific injury to a specific person was foreseeable.

[ 93 ]

Nevertheless, under the circumstances, proof of reasonable foreseeability of an injury to a child standing near a horse and *not* separated from the horse by any fence or barrier would not be sufficient. In light of what actually occurred, the proper question is whether it could be reasonably foreseen that a child on the outside of the fence could be injured by a horse tied on the inside. *See Uihlein v. Albertson's, Inc.,* 282 Or 631, 580 P2d 1014 (1978). That question was one for the jury, and evidence going specifically to that issue should have been admitted. Conversely, evidence relating generally to the safety record of the fairgrounds in regard to horses was properly excluded.

■ Plaintiff next argues that defendant failed to establish that the proffered evidence of lack of previous accidents related to *similar conditions.* In particular, he argues that where an animal is involved, as opposed simply to "static conditions," it is virtually impossible to establish prior similar conditions. The evidence did show, however, that horses had often been tied to the fence before when members of the public were present on the fairgrounds. To the extent that the evidence of lack of prior accidents related to those circumstances rather than to the more general question of prior accidents involving horses, the similar conditions requirement was fulfilled.

■ Plaintiff contends that the testimony of the woman in charge of the horse concerning her lack of knowledge of prior accidents was irrelevant because it had no bearing on defendant's negligence. Her testimony was relevant. An inference which could be drawn from her testimony is that no similar accidents had occurred at the fairgrounds during the period of which she had knowledge. That bears directly on the issue whether a dangerous condition existed. Although less directly, it also bears on the issue whether defendant should have known that a dangerous condition existed.

■ Finally, plaintiff argues that the prejudicial effect of the proffered evidence outweighed its probative

value. With respect to the evidence that related to the foreseeability of an injury to a child outside the fence by a horse tied on the inside, we cannot see how the jury might be unduly influenced in any way which would outweigh the legitimate probative value of the evidence. The more general evidence of a lack of prior accidents involving horses was properly excluded on other grounds, as noted above.

In summary, the evidence relating specifically to knowledge of prior accidents of the type involved here was improperly excluded. It is therefore necessary to remand for a new trial to permit defendant to put on that evidence.

### *Jury Instructions*

■ Defendant assigns as error the giving of certain instructions and the refusal to give others. All but one of the instructions concerned plaintiff's status at the time of the injury. In regard to those defendant argues in essence that the court erred in instructing the jury that plaintiff was an invitee at the time of the injury. We have resolved that argument in plaintiff's favor.[2]

■ Because of the likelihood that the issue will arise on retrial, we will consider briefly defendant's final challenge to the trial court's instructions. The court gave the following instruction:

> "You are instructed that a possessor of land who holds it open for entry for his business purposes is subject to liability to members of the public while they are upon the land for such purpose for physical harm created by the accidental, negligent, or intentionally harmful acts of third persons or animals. And by the failure of the possessor to exercise reasonable care to, (a), discover that such acts were being done or likely to be

---

[2]Defendant argues also that it was prejudiced by the trial court's use of the word "business" in describing plaintiff's status, *i.e.,* a "business invitee." Defendant does not contend that the standard of care owed to a business invitee differs from that owed to one more accurately described as a public invitee. On the record as a whole we find little probability of any prejudice and no probability of significant prejudice. On remand, however, the trial court should employ more accurate terminology.

done; or (b), give a warning adequate to enable the visitors to avoid the harm or otherwise to protect them against it."

Defendant argues that the instruction was likely to leave the jury with the impression that the possessor of land is strictly liable for physical harm created by the accidental, negligent, or intentionally harmful acts of third persons or animals. Plaintiff argues that in light of the other instructions given, the jury was not likely to have been misled. While our disposition of the case means that we need not determine if the court erred in giving the instruction, there can be little doubt that the instruction is potentially confusing. It should not be difficult to frame an instruction that more clearly expresses the proposition that a possessor of land who holds it open for entry by the public is subject to liability for harm created by the acts of third persons or animals on the land if the harm is caused by his failure to exercise reasonable care (a) to discover that such acts were being done or were likely to be done, or (b) having such knowledge, to give a warning adequate to enable visitors to avoid the harm or otherwise to protect them against it.

Reversed and remanded.