Argued and submitted June 25, affirmed November 17, 1982

OREGON EDUCATION ASSOCIATION,
*Petitioner,*

*v.*

EUGENE SCHOOL DISTRICT
NO. 4J et al,
*Respondents.*

(CA A23368)

653 P2d 1000

Robert D. Durham, Eugene, argued the cause for petitioner. With him on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

Joe B. Richards, Eugene, argued the cause for respondent Eugene School District No. 4J. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Kay Kiner James, Assistant Attorney General, Salem, argued the cause for respondent Teacher Standards and Practices Commission. With her on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM.

**PER CURIAM.**

This case is here for the second time. Oregon Education Association (OEA) appeals from an order of the Teacher Standards and Practices Commission (TSPC) assessing a $75,000 forfeiture of state basic school support funds against Eugene School District No. 4J for employing "non-certificated" teachers in violation of ORS 342.173. In fixing the amount of the penalty, TSPC reduced the forfeiture from a potential full daily salary forfeiture of $176,628.75 pursuant to the 1979 version of ORS 342.173. *See* Or Laws 1979, ch 307, § 2, subsequently amended by Or Laws 1981, ch 663, § 4(3).

On appeal, OEA contends that TSPC should have applied either the prior or subsequent versions of ORS 342.173, neither of which allows a reduction of the forfeiture under the circumstances of this case.

In OEA's prior appeal, *Oregon Education Association v. Eugene School District No. 4J,* 53 Or App 722, 633 P2d 28 (1981), we held that TSPC had incorrectly excluded certain unlawful salary payments from its original forfeiture computation, and remanded the case to TSPC. In the original computation, TSPC had also applied the 1979 version of ORS 342.173 in reducing the forfeiture by $1,000. OEA did not assign the application of the 1979 law as error in the earlier appeal, although it could have done so. It may not raise the issue now for the first time. *William Hanley Co. v. Combs,* 60 Or 609, 119 P 333 (1911); *Baker v. Lane County,* 37 Or App 87, 92, 586 P2d 114 (1978).

Affirmed.