Argued and submitted September 6, 1991, affirmed January 22, 1992

# CONTRACTORS, INCORPORATED,
*Respondent,*

*v.*

# TRI-COUNTY METROPOLITAN
# TRANSPORTATION DISTRICT OF OREGON,
*Appellant.*

(A8507-04423; CA A63901)

824 P2d 425

Harlan Edward Jones, Portland, argued the cause for appellant. With him on the briefs were E. Andrew Jordan and Bolliger, Hampton & Tarlow, Portland.

James N. Westwood, Portland, argued the cause for respondent. With him on the brief were John R. Bakkensen and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant Tri-County Metropolitan Transportation District of Oregon (Tri-Met), a municipal corporation subject to the Public Contract Law, ORS 279.310 *et seq*, appeals the trial court's judgment for plaintiff Contractors, Inc. (CI) in this breach of contract action. The facts are set out in detail in our previous opinion, *Contractors, Inc. v. Tri-Met*, 94 Or App 392, 766 P2d 389 (1988), *rev den* 307 Or 571 (1989) (*Contractors I*), and we relate only the facts pertinent to this appeal.

Plaintiff contracted to construct a bus garage for Tri-Met. Pursuant to the contract and ORS 279.400 *et seq*, Tri-Met was authorized to withhold 5 percent of the $6,635,000 contract price as retainage.[1] *See* ORS 279.435(2) (1989). CI elected to receive 100 percent of each progress payment and to deposit $350,000 in securities in lieu of cash retainage in an interest-bearing account. The parties agreed that the bank would hold the funds until Tri-Met authorized or directed payment.

The contracts between CI and its subcontractors provided that CI could withhold 5 percent of its payments to the subcontractors. As a result of the subcontractors' demands for payment of the amounts withheld, CI sent a series of four letters to Tri-Met, requesting that it release the retainage so that the subcontractors could be paid. When Tri-Met refused to pay, CI brought this action to recover the retainage and interest. The interest that CI sought was the difference between the income that it actually received on the securities deposited as retainage and the statutory penalty interest, pursuant to ORS 279.435(3) (*former* ORS 279.575(3)), for Tri-Met's failure to comply with the statute. That statute provides:

> "The retainage held by a public contracting agency shall be included in and paid to the contractor as part of the final payment of the contract price. The public contracting agency shall pay to the contractor interest at the rate of one and one-half percent per month on the final payment due the contractor, interest to commence 30 days after the work under the contract has been completed and accepted and to run until

---

[1] " 'Retainage' is a portion of the contract price withheld from a contractor to assure the public body that the contractor will satisfy all of its obligations." *Contractors I, supra*, 94 Or App at 394 n 1.

the date when the final payment is tendered to the contractor. The contractor shall notify the public contracting agency in writing when the contractor considers the work complete and the public contracting agency shall, within 15 days after receiving the written notice, either accept the work or notify the contractor of work yet to be performed on the contract. If the public contracting agency does not within the time allowed notify the contractor of work yet to be performed to fulfill contractual obligations, the interest provided by this subsection shall commence to run 30 days after the end of the 15-day period."

The case was tried to a jury and, at the close of CI's case-in-chief, the court granted Tri-Met's motion for directed verdict on CI's retainage and interest claims. CI appealed, and we remanded the case to resolve factual issues with respect to both questions. We held that Tri-Met's obligation to pay the retainage was governed by the contract and that there was sufficient evidence for a jury to find that CI had met the close-out provision of the contract, thus entitling it to be paid the retainage. With respect to the penalty interest, we held that the statute controlled and:

"There was evidence from which a reasonable jury could find that CI notified Tri-Met in writing that CI considered the work complete and that Tri-Met did not respond within the statutory time limits." *Contractors I, supra*, 94 Or App at 402.

In August, 1989, Tri-Met paid the retainage, rendering the first issue moot. On remand, the only remaining issue, whether CI was entitled to penalty interest, was tried to the court. CI contended that it had notified Tri-Met in one or more of the four letters that it considered the work complete[2] and that Tri-Met had failed to accept the work or to notify CI of work to be performed within 15 days after receiving notice from CI. The trial court found, as fact, that CI had given the appropriate notice and entered judgment for CI for substantial penalty interest under the statute.

■ Tri-Met assigns error to the court's finding that CI had given proper notice under the statute. In *Contractors I*,

---

[2] As we explained in *Contractors I*, only notice that the contractor *considers* the contract to be complete is necessary in order for penalty interest to be assessed. Neither actual completion nor acceptance is required.

we held that there was sufficient evidence to permit the finder of fact to find that CI had given Tri-Met notice sufficient to require Tri-Met's response within 15 days. On remand, the court, as factfinder, found that CI's notice was sufficient. Our earlier decision that there was sufficient evidence to support such a finding on remand is the law of the case.[3]

Tri-Met also assigns as error the court's holding that the securities deposited by CI constituted retainage under ORS 279.410. It argues that the deposit did not qualify as retainage under the definition of that statute and, therefore, that the statutory penalty interest provided by ORS 279.435(2) is not applicable. We agree with CI that Tri-Met is precluded from raising that argument on this appeal, because the issue was raised and necessarily impliedly decided in the first appeal. *Baker v. Lane County*, 37 Or App 87, 92, 586 P2d 114 (1978); *see City of Idanha v. Consumers Power*, 13 Or App 431, 509 P2d 1226, *rev den* (1973). Although Tri-Met did not specifically argue in the first appeal that statutory interest did not apply *because* there was no retainage under the statute, it did assert that the securities deposited were not retainage but were "in lieu of retainage" and that it, therefore, held no retainage. We said, "For ease of reference, in this opinion we refer to the securities as retainage." *Contractors I, supra*, 94 Or App at 394 n 1. If we had agreed with Tri-Met that the securities were not retainage within the meaning of ORS 279.435(2), we would not have decided that there was sufficient evidence to permit a reasonable jury to find that CI had given sufficient notice to Tri-Met to trigger Tri-Met's obligations under that statute. In deciding that issue as we did, we necessarily decided it against Tri-Met. Accordingly, Tri-Met cannot raise that issue now.

Finally, Tri-Met assigns error to the court's awarding CI the difference between CI's earnings on the deposited securities and the statutory interest. It argues that, even if the securities were retainage, the statute does not provide for the calculation of an interest differential. If that was error, it favored Tri-Met. If the court had not deducted the income that CI received on the deposited securities from the statutory penalty interest payable under the statute, the judgment

---

[3] That is so, even if that decision was wrong.

against Tri-Met would have been larger. Any error was harmless.

Affirmed.