Argued and submitted November 20, 1995, reversed and remanded for
reconsideration of sanction January 24, 1996

Ira PAMPLIN
and Loretta Pamplin,
*Appellants,*

*v.*

Shermona Lynn VICTORIA,
*Respondent.*

(16-91-06925; CA A87167)

909 P2d 1245

Helen T. Dziuba argued the cause for appellants. On the briefs were Phil Goldsmith, Robert K. Udziela and Pozzi, Wilson, Atchison.

Michael H. Long argued the cause for respondent. With him on the brief was Brown, Roseta, Long & McConville.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiffs appeal from the trial court's dismissal of their personal injury action against defendant arising out of an automobile accident that they allege resulted from defendant's negligence. The trial court dismissed the case as a sanction for plaintiffs' counsel's belated compliance with a discovery order, in violation of ORCP 46 B.[1] The Supreme Court reversed the dismissal and remanded for "further proceedings" on the ground that the trial court had not made the requisite findings to impose the sanction of dismissal, reasoning that findings were necessary to enable meaningful review by an appellate court. *Pamplin v. Victoria*, 319 Or 429, 436, 877 P2d 1196 (1994). The court said

> "To assess the propriety of imposing that sanction, an appellate court needs to know (1) the historical facts on which the trial court based its decision to impose it and (2) the analytical process by which the trial court concluded that dismissal is 'just' in view of those facts and in view of the other sanctions that are available. The present case provides a classic example of the difficulty of meaningful appellate review, because of the unresolved factual questions in the record.

> "In summary, we hold that a trial court that imposes the sanction of dismissal under ORCP 46 B(2)(c) must make findings of fact and must explain why that sanction is 'just'; that a finding of willfulness, bad faith, or fault of a similar degree on the part of the disobedient party is required; and that a finding of prejudice to the party seeking discovery is not required." 319 Or at 431.

On remand, defendant renewed her motion to dismiss for noncompliance with the discovery order and, with the trial court's permission, added as a ground for dismissal plaintiffs' failure to comply with defendant's request for production, in violation of ORCP 46 D. The trial court dismissed the case on both grounds.

■ ■ On appeal, plaintiffs contend that the trial court abused its discretion by permitting defendant, for the first time on remand, to add as an additional ground for dismissal the failure to comply with the request for production. We

---

[1] Plaintiffs have different counsel on appeal.

have considered each of plaintiffs' arguments and each of the cases cited and discussed, *Shaver Co. v. Eagle Star Ins. Co.*, 177 Or 410, 162 P2d 789 (1945); *Baker v. Lane County*, 37 Or App 87, 586 P2d 114 (1978); *City of Idanha v. Consumers Power*, 13 Or App 431, 434, 509 P2d 1226 (1973), and conclude that there was no abuse of discretion. The case was remanded for further proceedings, without restriction or specific instruction beyond the requirement that the court make findings to justify the sanction of dismissal. No findings or rulings had previously been made with regard to the alleged violation of ORCP 46 D. Contrary to plaintiff's contention, we do not believe that there is a presumption prohibiting the filing of new motions on remand or that the "law of the case" rule prohibits consideration of additional facts on remand where there has been no dispositive determination on appeal that is inconsistent with the facts being considered. We hold that there was no abuse of discretion in permitting the allegation of an additional factual basis for the sanction.

■ Plaintiffs next contend that the circuit court's findings on remand with regard to the violation of ORCP 46 D (noncompliance with a request for production) are not adequate to support the imposition of the sanction of dismissal under the standard set out it *Pamplin*, because the circuit court made no finding that plaintiffs' counsel acted willfully or in bad faith or with fault of a similar degree. Although the court made no explicit finding of willfulness with regard to the violation of ORCP 46 D, the court's oral findings necessarily imply willfulness. In its oral ruling on remand the court said:

> "*In this case, every attempt at informal discovery was ignored. The request for production was likewise ignored.* The resulting court order was not obeyed.
>
> "* * * * *
>
> "I find that the multiple, continuous, and lengthy failures to produce lead me to conclude that the disobedience of the court order was willful." (Emphasis supplied.)

The court's oral ruling is incorporated into the judgment of dismissal. In our view, the finding that plaintiffs' counsel "ignored" requests for production is equivalent to a finding that he chose to take no notice of them and necessarily encompasses willfulness.

Plaintiffs contend that the evidence does not support the court's finding of willfulness with regard to the violation of ORCP 46 B. We have reviewed the evidence and conclude that it is sufficient to support the court's findings.

We conclude, nonetheless, that the court's findings are insufficient to support imposition of the sanction of dismissal. Dismissal is the most drastic of sanctions, to be reserved for the most severe violations. *Hahm v. Hills*, 70 Or App 275, 281, 689 P2d 995 (1984). As the Supreme Court said in *Pamplin*, the trial court must set forth "the analytical process by which [it] concluded that dismissal is 'just' *in view of * * * the other sanctions that are available.*" 319 Or at 431 (emphasis supplied). In our view, that means that the ultimate sanction of dismissal should not be imposed without considering whether less onerous sanctions are available.

Federal courts applying the federal counterpart to ORCP 46 have consistently held that the sanction of dismissal should be imposed "only when necessary to preserve the integrity of the judicial system, or in some other extreme circumstance," *Hahm*, 70 Or App at 280, and that the court must explore other options before imposing the sanction of dismissal with prejudice. *See Oliva v. Sullivan*, 958 F2d 272 (9th Cir 1992). Additionally, the federal courts hold that sanctions must be applied proportionally to the discovery violation. Dismissal under circumstances that defeat a litigant's right to redress grievances in the courts should be a punishment of last, rather than first resort. *Gocolay v. New Mexico Federal Savings & Loan Assn*, 968 F2d 1017, 1021 (10th Cir 1992). Here, the circuit court made no attempt to explain why dismissal was the most appropriate sanction as opposed to some other less onerous sanction. We remand the case to the circuit court to give it the opportunity to do so.

Reversed and remanded for reconsideration of sanction.